Pomeroy v. Fullerton.

---

.POMEROY, *Appellant*, v. FULLERTON.

### Division One, January 23, 1893.

1. **Pleading**: PETITION: EXHIBITS: DEMURRER: Exhibits filed with a petition form no part thereof and cannot be considered in determining its sufficiency on demurrer.

2. ——: ——: SPECIFIC PERFORMANCE: CONDITION PRECEDENT: STATUTE: DEMURRER. A demurrer will not lie to a petition in a suit for the specific performance of a contract to convey land, on the ground of failure to allege payment of cash as agreed or tender thereof, and the execution and tender of a deed of trust to defendant to secure deferred payments, where it is alleged that plaintiff has performed all of the conditions of the contract on his part, where the statute provides that it shall not be necessary in such case to state the facts showing performance, but that they may be stated generally. (Revised Statutes, 1889, sec. 2079.)

3. **Conveyance**: ERECTION OF BUILDING: CONDITIONS PRECEDENT AND SUBSEQUENT: SPECIFIC PERFORMANCE. Where, in a contract to convey land, the commencement of the erection of a building by the grantee or his assignees was provided for within a specified time, but after the grantor had performed his part of the contract by the execution of a deed, the failure to perform the subsequent condition to build within the time specified constitutes no sufficient reason to refuse specific performance of the precedent condition of the grantor to execute a deed upon which the grantee's ability to perform his condition depended.

4. **Equity**: ESSENCE OF CONTRACT: TIME. Time is not ordinarily regarded by courts of equity as of the essence of a contract.

5. **Contract .to Convey. Land**: UNCERTAINTY: EQUITY: SPECIFIC PERFORMANCE. Although a contract to convey land containing a cevenant that the grantee shall erect houses thereon suitable to the, neighborhood, of brick or stone, or brick and stone, and of good substantial character and condition, to be completed within a reasonable time, is to that extent uncertain and indefinite, and incapable of

specific performance in a court of equity, yet, where such contract further provides that the deed to be executed shall contain a covenant for the erection of the buildings and forfeiture and reversion to the grantor for violation, such deed will be effective to secure performance of the covenant to build, and equity will decrees specific performance of the contract.

6. ———: ASSIGNMENT: SPECIFIC PERFORMANCE. Where a contract to convey land provides for the assignment of the vendee's interest, the obligation to perform the covenants runs with the interest in the land assigned and may be performed by the assigns, and assignment constitutes no objection by the vendor to specific performance upon the ground that the covenants rest in personal trust and confidence.

7. ———: ———: LACHES. The assignment of the contract, about a year after it was made, and bringing suit thereon by the assignee six years after assignment, constitute no such laches as will prevent specific performance by a court of equity.

*Appeal from St. Louis City Circuit Court.*

REVERSED AND REMANDED.

*Thos. B. Crews* and *Hough & Hough* for appellant.

(1) It was not incumbent upon plaintiff to allege either that Reveley or the plaintiff erected the dwelling houses mentioned in the agreeement, or to give any sufficient reason for the non-performance of that part of the agreement. The improvement of the property was not to be begun until after the delivery of the deed and possession under it. The deed has never been delivered, and neither has Reveley nor the plaintiff been in possession of the property. (2) It was not necessary that plaintiff should specifically allege tender of money and request for a deed after the cloud was removed; the refusal of defendant to execute and deliver a deed to plaintiff, which is alleged, would excuse a tender, if it were necessary, and the allegation that plaintiff and Reveley have performed all of the conditions of the contract to be performed by them, and that defendant has refused to perform is made in the petition, and under

the statute that is sufficient. *Mastin v. Grimes*, 88 Mo. 478; Revised Statutes, 1889, sec. 2079. (3) The contract sued on is not a building contract, and the objection of want of certainty and mutuality must therefore fall to the ground. The contract is one, the specific performance of which, so far as plaintiff is concerned (apart from the payment of money and the execution of his notes), rests in covenant merely. *Stocker v. Wedderburn*, 3 Kay & Johnson, 393, 403; *Wells v. Maxwell*, 32 Beav. 408; *Wilson v. West Hartelpool*, 2 De Gex, Jones & Smith, 475. After the contract sued on is executed between the parties, plaintiff has a year in which to perform his covenants to begin to build, and defendant may never have any occasion to complain of a breach of said covenants, and, in view of the stipulation for forfeiture, certainly would have no occasion to sue upon such covenants. (4) The contract sued on contemplated an assignment and covenants binding the assignee. Reveley is not a necessary party, and if he were, "defect of parties plaintiff" should have been made a distinct ground of demurrer. Revised Statutes, 1889, secs. 2043, 2044, 2047, p. 540; *McClurg v. Phillips*, 49 Mo. 315. (5) The ojection that the contract could not be assigned is answered by its terms set out in the petition. (6) The objection that if there was any breach of the agreement it occurred prior to the assignment, and the assignment could not carry to the assignee the right to recover thereon is fully answered by the case of *Melton v. Smith*, 65 Mo. 315. (7) If there has been any laches on the part of plaintiff or Reveley, that is an equitable defense which must be pleaded in the answer. "Laches presupposes not only delay, but knowledge of such facts as render the delay culpable." *Butler v. Lawson*, 72 Mo. 227 ; *Melton v. Smith*, 65 Mo. 315. No laches appear on the face of the petition, and it alleges a

reason excusing the mere lapse of time before insti-
tuting suit. (8) No question can possibly arise as to
the right of Fullerton to have specific performance of
the covenant of plaintiff to erect buildings of a certain
class, and there could be no action against Reveley for
damages on his covenants because of the terms of the
agreement set out in the petition and of the covenants
which were to be entered into by Reveley or his assigns.

*Henry M. Post* for respondent.

(1) The exhibits are no part of the petition, and
are not made so by reference to them therein. *Hall v.
Harrison*, 21 Mo. 227; *Curry v. Lackey*, 35 Mo. 389;
*Bowling v. McFarland*, 38 Mo. 465; *Kerr v. Ins. Co.*,
40 Mo. 19; *Poulson v. Collier*, 18 Mo. App. 608;
*Furnishing Co. v. Wallace*, 21 Mo. App. 132; *Peake v.
Bell*, 65 Mo. 224. (2) The first ground of demurrer is
well taken. The erection of the dwelling houses men-
tioned in the agreement as recited in the petition was,
under its terms, "to be commenced within one year
after the date of said contract, and they were thereaf-
ter to be finished with all reasonable speed. It was not
provided that the erection should commence within
one year from the date of the deed; the time was
measured from the date of the contract. (3) Plaintiff
was bound to aver payment or tender of the aliquot
part of the purchase money which was to be paid in
cash and tender of a deed with the covenants required
on his part. The party seeking the enforcement of a
contract must affirmatively show performance or tender
of performance of the covenants on his part. *Basye v.
Ambrose*, 32 Mo. 484; *St. Louis v. Cruikshank*, 16 Mo.
App. 495; *State ex rel. v. Hudson*, 13 Mo. App. 61;
*Scott v. Robards*, 67 Mo. 289; *Pier v. Heinrichoffen*, 52
Mo. 33; *Mastin v. Halley*, 61 Mo. 196; *Lanitz v. King*,

93 Mo. 513; *Kerr v. Simmons*, 82 Mo. 275. (4) The alleged agreement does not furnish the details from which the court could frame a deed with such covenants as it could compel the parties to execute. The agreement is too indefinite and uncertain to enable the court to frame a contract for the parties. *Mastin v. Halley*, 61 Mo. 196; *Paris v. Halley*, 61 Mo. 453; Story on Equity Jurisprudence [12 Ed.] secs. 723, 769, 770; Fry's Specific Performance, secs. 76, *et seq.*, 317, 361, 366. (5) The alleged contract, as stated in the petition, was an executory contract, resting in personal trust and confidence, and therefore could not be assigned. *Lansden v. McCarthy*, 45 Mo. 106; *Boykin v. Campbell*, 9 Mo. App. 495. (6) The assignment by Reveley under which plaintiff claims was seven years after the agreement sued on was alleged to have been made, and if any breach occurred at all, it occurred long prior to the alleged assignment. The breach, if any, consisted in defendant's failure to convey to Reveley, not in his subsequent conveyance to other parties; and the alleged assignment could not carry to the assignee the right to recover for previous breaches. *Love v. Van Every*, 18 Mo. App. 196. (7) It is evident from the face of the agreement alleged in the petition that the alleged contract, if executed at all, was entered into by defendant with a view of enhancing the value of his own property, and the said Reveley and said plaintiff have allowed too long a time to elapse, and have slumbered too long on such rights, if any, as they might have acquired under said alleged agreement, to be permitted now to come into court and make a demand for specific performance of said alleged contract, or for damages for non-performance thereof. *Lanitz v. King*, 93 Mo. 513; *Landrum v. Union Bank*, 63 Mo. 56; *Bliss v. Pritchard*, 67 Mo. 181; *Sullivan v. Railroad*, 94 U. S. 806; *Kline v. Vogel*, 90 Mo. 239;

*Schradski v. Albright,* 93 Mo. 42; *Burgess v. Railroad,* 99 Mo. 496. And the objection of laches can be raised by demurrer to the bill when the same appears on its face. *Burgess v. Railroad,* 99 Mo. 496. (8) Even if defendant's title was in litigation so that he could not have made a good title, there was no excuse for the delay. It is averred that the litigation had been settled and a good title can now be made. The petition does not show when the litigation was settled, nor when the plaintiff or Reveley learned the fact. It might have been within a few days after the contract was made. There is no averment of diligence after the termination of the litigation. *Lanitz v. King,* 93 Mo. 513. (9) Plaintiff expressly avers that the alleged pending litigation was not known to plaintiff or Reveley. Consequently, then, its pendency was not the reason for their default for seven years, and it can afford no excuse for their laches.

Brace, J.—This is an appeal from a judgment of the circuit court of the city of St. Louis sustaining a demurrer to the following petition:

"Plaintiff states that heretofore, to-wit, on the nineteenth day of April, 1883, the said defendant, Joseph S. Fullerton, was the owner in fee and seized of the following described real estate situate in the city of St. Louis and state of Missouri, to-wit: A certain tract or parcel of land commencing at the intersection of the west line of Boyle avenue with the north line of McPherson avenue; thence running about one thousand feet west with the north line of McPherson avenue to the east line of Newstead avenue prolonged, and having a depth northwardly of one hundred and forty-two feet and six inches, to an alley running east and west. And that on the day aforesaid defendant bargained, contracted and agreed with one M. P. Reveley

to sell the said tract of land to said Reveley at and for the price and sum of $20 per front foot, of which price one fifth was to be paid in cash, and the balance in equal payments in one, two, three and four years, with interest at six per cent. per annum, payable semiannually; and said deferred payments to be secured by a deed of trust on said real estate. And it was then and there further contracted that the said Reveley, for himself and assigns, should bind himself and them by deed that none of said property should be used or sold for any manufacturing or trade purposes, or for any horse car or livery stable, and that said Reveley would further bind himself by said deed to improve said property by erecting thereon dwelling houses suitable to the neighborhood, and to commence the erection thereof within one year from the date of said contract, and, after commencing the same, to finish them with all reasonable dispatch; and it was further stipulated in said agreement that said defendant Fullerton should make and deliver a deed for said property to Reveley not later than the middle of May, 1883.

"Plaintiff further states that thereupon the said Reveley paid to said defendant, J. S. Fullerton, the sum of $100, as a part payment of said purchase money, and the said Fullerton executed, signed and delivered to said Reveley a memorandum or instrument in writing, reciting therein the contract and several matters and stipulations hereinabove set out, and acknowledging the receipt of said $100 in part payment, and on account of the purchase money of said tract of land. That afterwards, and on or about the —— day of April, 1883, in order to render said contract more definite, certain and explicit, and in order to amplify and explain said contract, and as a part thereof, the said Fullerton and said Reveley further agreed that said Reveley should, by said above-mentioned deed,

bind himself, his heirs and assigns, that no house or tenement of any description should be erected or placed upon said premises, or any part thereof, which should approach or be nearer than ten feet to the south line of McPherson avenue; that said Reveley should further bind himself, his heirs and assigns, by said deed, to commence to erect said above-mentioned dwelling houses within the term of one year from said date upon said premises, said houses to be built of brick or stone, or brick and stone, of good substantial character and condition, and to complete the same within a reasonable time after they had been so commenced; but that the time, if any, unavoidably consumed by the interference of the public authorities, or the period, if any, covered by financial disturbance in the country paralyzing business and depressing securities, should not be deemed a part of the time within which the construction of the houses should commence; that said Reveley should further bind himself and his heirs and assigns, by said deed, that for the term of twenty-five years next following the date thereof there should not be erected or established on the said premises, or any part thereof, any building, house, shed or structure of any kind for the purpose of a livery stable, public stable, or horse-railroad stable, or carhouse, slaughterhouse, bone, glue or tobacco factory, or factory or manufacturing establishment of any kind or beer saloon or dramshop, and that no building, shed or structure thereof should be used for any such purposes, and that no business of the nature above indicated should be begun or carried on on said premises or any part thereof by said Reveley, his heirs or assigns, or by any tenant, subtenant or lessee holding under him or them, and should bind himself, his heirs and assigns, by said deed, that, in the event of any violation of the preceding covenants, agreements or stipulations, or

any part thereof, by said Reveley, or by any person claiming or holding the said premises, or any part of the same, by, from, through or under said Reveley, the same should operate as an immediate and absolute forfeiture and reversion of said premises, or the portion thereof held by said parties so violating said covenants, agreements and stipulations, and the purchase money and all buildings and improvements thereon to the said J. S. Fullerton, or his heirs, and should completely and absolutely reinvest the title of said premises in him or them, and he or they should have lawful right to reenter upon and repossess himself or themselves of the said premises and all buildings or improvements thereon situated as fully as if the same had been conveyed to him or them by deed of bargain and sale duly executed according to the laws of the state of Missouri. That said supplemental and explanatory memorandum was also in writing, and is made an exhibit in this cause. That it was agreed between said Fullerton and said Reveley that said Fullerton would prepare and execute a valid deed embodying and setting out the agreements, conditions and stipulations hereinabove mentioned, and which said deed was, as aforesaid, to be delivered to said Reveley not later than the middle of May, 1883, as and upon the conditions hereinbefore recited.

"Plaintiff further states that afterwards, to-wit, on the ―― day of ――, the said Reveley, for value, by indorsement in writing on the back of said first mentioned memorandum of agreement, assigned, sold, transferred and set over to this plaintiff all of his right, title and interest in said agreement, and, on the ninth day of May, 1884, duly acknowledged his said transfer and assignment before an officer authorized to take the acknowledgment of deeds in the said city of St. Louis. And afterwards, to-wit, on the nineteenth day of April,

1890, said Reveley, by an instrument of writing, under seal, and duly acknowledged and delivered to plaintiff, further assigned and conveyed and confirmed to plaintiff all of his right, title and interest in said real estate. Plaintiff files herewith the said memorandum of agreement and the said assignment and transfers as exhibits with this cause. That afterwards, on the twenty-second day of April, 1890, by his deed of that date, duly acknowledged, the said Reveley recited the said contract and agreement so made by him with said defendant, and the assignments and transfers aforesaid, and for value formally conveyed said real estate and all interest therein acquired by him in and to the same by virtue of said contract and agreement to said plaintiff, and delivered the said deed to said plaintiff, who, on the twenty-third day of April, 1890, caused the same to be filed for record in the office of the recorder of deeds for the said city of St. Louis. Plaintiff will produce the said deed or a certified copy thereof in evidence on the trial of this cause. And plaintiff further states that said Reveley was at all times ready and willing to comply with the terms of said contract and agreement, and duly performed all the conditions of the same on his part, and that this plaintiff, since acquiring the interest of said Reveley, has also been ready and willing at all times to comply with the same, and he is still ready and willing so to do; but plaintiff avers the fact to be that said defendant has absolutely failed and refused to comply with said terms on his part, and has failed and neglected and refused to give to said Reveley or to this plaintiff a good and sufficient title to said property, or the said deed, or any deed whatever, and still refuses so to do. And plaintiff further states that said property, at the time of making of said contract and agreement, was involved in litigation in the courts of this state, and that this fact was well known

to the defendant at the time, and that it was not known to said Reveley or to plaintiff. That plaintiff is informed and believes that the said litigation has been recently terminated and settled, and that said Fullerton can now convey a good and valid title to said real estate, except as to that part sold, as hereinafter recited. And plaintiff says that since making said contract and agreement defendant has sold and conveyed a part of said property, to-wit, about half of the same, and that the purchaser thereof has taken possession of the property so sold, and defendant is unable, therefore, now to comply literally with the terms of his said contract and agreement, as to the parts so sold, and by reason thereof plaintiff is damaged in the sum of $30,000. That defendant is yet in possession, and holds the title to the balance of said property, and plaintiff prays that he may be compelled by the judgment, order and decree of this court to perform specifically the terms of his said contract and agreement as to all said property yet remaining unsold, and that he be required to convey same to this plaintiff by good and sufficient deeds, and that he be required further to respond in damages to plaintiff for the part of said property so sold by him as aforesaid; and plaintiff prays for such other and further relief, orders and decrees in the premises as to the court may seem proper, and as to equity belongs."

The demurrer to the petition is as follows: "That the petition does not state facts sufficient to constitute a cause of action. *First.* In this, that it is not averred that said Reveley, under whom plaintiff claims, or said plaintiff ever fulfilled his part of the agreement alleged in said petition by the erection of the dwelling houses mentioned in said agreement within the space of one year after the date thereof, or at any time thereafter, and said petition does not aver or set out any sufficient

reason for the nonperformance by said Reveley or said plaintiff of said part of said agreement. *Second.* In this, that it is not averred that said Reveley or said plaintiff, or any one for them or either of them, within the space of one year after the date of said alleged agreement, or at any time, paid or offered to pay the remainder of the cash alleged to have been payable to defendant under the said alleged agreement, or executed or tendered or delivered to defendant the deeds or agreements provided for in the said alleged contract sued upon to be executed and delivered by said Reveley, and that the plaintiff has not made any legal or valid tender in this court of such deed or agreement, or of said cash, on the said alleged contract. *Third.* In this, that the contract alleged in the said amended petition to have been made between defendant and said Reveley is not sufficiently certain and definite to be capable of enforcement against said, Reveley or the plaintiff, inasmuch as it provides for the making by said Reveley of a contract for the erection of houses; but the number of houses, their cost or dimensions, and other details, are not specified with such definiteness and certainty that this court could frame or enforce a decree prescribing the form or details of said proposed contract; and that the alleged stipulations in said alleged contract sued on, as recited in said petition, 'that the time, if any, unavoidably consumed by the interference of the public authorities, or the period, if any, covered by any financial disturbance in the country, paralyzing business and depressing securities, should not be deemed part of the time within which the construction of the houses should commence,' and the other stipulations and provisions set out in said petition to be contained or embodied in said alleged proposed contract or agreement are so vague and indefinite that the obligation incurred by the said

Reveley, under whom plaintiff claims, as alleged in said petition, could not have been enforced by defendant against said Reveley or the plaintiff; wherefore the contract alleged to have been made by the agreements set forth in the petition so far lacked the elements of certainty and mutuality that it could not be enforced by a court of equity in favor of defendant against the plaintiff or said Reveley, and, therefore, it is not susceptible of enforcement by plaintiff against this defendant. *Fourth.* In this, that the alleged agreement sought to be enforced against defendant, as appears from the petition, was an executory contract, resting on personal covenants and obligations entered into and assumed by said Reveley, who is not a party to this suit or before this court, and who has parted with his interest in the alleged contract. Therefore, this court cannot compel said Reveley to fulfill his alleged contract for the benefit of the plaintiff, nor can it compel defendant to accept performance of said conditions by the plaintiff, wherefore it cannot be enforced against the defendant. *Fifth.* In this, that the alleged contract, as stated in the petition, was an executory contract, resting in personal trust and confidence, and therefore could not be assigned. *Sixth.* In this, that the assignment by said Reveley to plaintiff, as alleged, was about a year after the agreement sued on was alleged to have been made, and, if any breach occurred at all, it occurred long prior to the alleged assignment. The breach, if any, consisted in defendant's failure to convey to Reveley, not in his subsequent conveyance to other parties; and the alleged assignment could not carry to the assignee the right to recover for previous breaches. *Seventh.* In this, that it is evident from the face of the agreement alleged in the petition that the alleged contract, if executed at all, was entered into by defendant with a view of enhancing the value of his own prop-

erty, and the said Reveley and said plaintiff have allowed too long a time to elapse, and have slumbered too long on such rights, if any, as they might have acquired under said alleged agreement, to be permitted now to come into court and make a demand for specific performance of said alleged contract, or for damages for nonperformance thereof.''

I. The petition was filed and suit instituted on the twenty-fourth of April, 1890. The particular ground upon which the demurrer was sustained does not appear from the record, but it is insisted for the defendant that all the objections therein taken to the petition are well founded. The exhibits filed with the petition form no part thereof, and cannot be considered in determining its sufficiency on demurrer. *Peake v. Bell*, 65 Mo. 224; *Kern v. Ins. Co.*, 40 Mo. 19; *Curry v. Lackey*, 35 Mo. 389.

II. The substance of the contract between the defendant and Reveley of the nineteenth of April, 1883, according to the allegations of the petition, is that, in consideration of the sum of $100 on that day paid the defendant by the said Reveley, and that the said Reveley would, on or before the middle of May, 1883, pay the defendant a further sum equal to one fifth of the purchase price of the real estate described in the petition at the rate of $20 per front foot, and execute a deed of trust upon the premises to secure the remainder of the purchase money, with interest, to be paid in one, two, three and four years, the defendant agreed that he would thereupon execute and deliver to the said Reveley a deed for said real estate, upon condition that the said Reveley would at the same time by deed enter into the covenants set out in the petition upon his part. It is not directly averred in the petition that the said Reveley did, on or before the middle of May, 1883, make the cash payment contemplated in

the contract, or tender the same or the deed of trust to secure the deferred payments; but it is alleged that the said Reverley duly performed all the conditions of said contract on his part. Conceding that the making of the cash payment and the execution of the deed of trust to secure the deferred payments were conditions precedent which must have been performed or tendered by plaintiff's assignor before any right of action would accrue to him for specific performance of the contract, yet, under the statute (Revised Statutes, 1889, sec. 2079), the performance of these conditions was sufficiently alleged; and for the purposes of the present inquiry the petition must be taken as if it was therein alleged that the cash payment and the deed of trust were tendered on or before the middle of May, 1883, and the plaintiff, by his bill, offers performance of all the concurrent conditions; consequently the petition was not insufficient for the second reason assigned in the demurrer.

III. One of the covenants which Reveley agreed to enter into by deed before the middle of May, 1883, was to *commence* the erection of the dwelling houses provided for in the contract within one year from the date thereof. Whether the date herein referred to was the date of the agreement of the nineteenth of April, 1883, or the date of the contract to be evidenced by the deeds to be executed before the middle of May thereafter, does not very clearly appear. But certainly the buildings were not to be commenced until after the defendant had executed his deed for the premises, the refusal to do which constitutes the whole *gravamen* of the complaint. The commencement of the erection of the buildings was a thing to be performed by Reveley or his assignees after the defendant had performed his part of the contract by executing a deed to the premises to Reveley, and the failure to perform this subsequent.

condition within the time specified could constitute no sufficient reason for a refusal of specific performance of the precedent act upon the part of the defendant upon which the ability of Reveley to perform this condition depended. Time is not ordinarily regarded by courts of equity as of the essence of a contract. The petition was not insufficient for the first reason assigned in the demurrer.

IV. The third objection to the petition is that the contract is not sufficiently certain and definite to be capable of enforcement by decree of a court of equity against the plaintiff, and, therefore, cannot be enforced against the defendant. This objection is urged particularly to the covenant by which the said Reveley was to bind himself, his heirs and assigns, by said deed, to improve the premises by erecting dwelling houses thereon, suitable to the neighborhood, of brick or stone, or brick and stone, and of good, substantial character and condition, and to complete the same within a reasonable time. It is unquestioned law that, "wherever that which the plaintiff. is to give as the consideration moving from him is something to be done at a future time, and which the court cannot enforce, specific performance of the contract will be refused." Fry on Specific Performance of Contracts, 813. Within this principle fall building contracts which ordinarily are found to be incapable of specific performance by the courts. But it is contended that in this case the future consideration for the defendant's promise which the plaintiff seeks to enforce was not the *erection of the buildings* mentioned in the contract, but *the covenant* of Reveley and his assigns *to erect such buildings*, and that a court of equity can compel him and his assigns to enter into such a covenant, although it could not compel the specific performance of the covenant after it was entered into, and the contract is,

therefore, mutually enforceable in a court of equity, and the objection urged is untenable.

Where the execution of a deed with covenants is the substantial part of the agreement, or where its execution would place the party entitled to it in a more favorable position for protecting his rights at law, a court of equity will decree execution of the deed, without regard to the question of whether the covenants are such as the court can decree to be specifically performed. *Stocker v. Wedderburn*, 3 Kay & Johnson, 403; *Wells v. Maxwell*, 32 Beav. 408; *Wilson v. Railroad*, 2 De Gex, Jones & Smith, 475; *Granville v. Betts*, 18 Law Jour. Equity, 32. But that a court of equity might go thus far in compelling the plaintiff to perform his contract would not relieve the contract from the objection of want of mutuality; the covenants themselves being of such a character as to be incapable of being specifically enforced in equity, if the thing covenanted to be done, and not the deed, forms the substantial part of the consideration for which the defendant agreed to part with the title to his property, unless the parties themselves had provided other means effective to secure the performance of such covenants.

Equity regards the substance of things; and, although the defendant may have agreed, in consideration of covenants to be entered into by the plaintiff, to perform certain things in the future, the contract is not mutual unless these covenants, when executed, are of such a character as to secure to him the substance of the things contracted for, which formed a substantial part of the consideration for his property. That the erection of the buildings as provided for in the contract formed a substantial part of the consideration for the property in this case is evident. The parties seem to have been conscious at the time of the difficulty of drawing a contract for their erection, and the perform-

ance in the future of the other conditions of the contract that could be specifically enforced in the courts, and themselves provided effective means to secure performance thereof by providing for an additional covenant in the deed by which the said Reveley "should bind himself, his heirs and assigns, that in the event of the violation of the preceding covenants, agreements or stipulations, or any part thereof, by said Reveley or any person claiming or holding under him, the same should operate as an immediate and absolute forfeiture and reversion of said premises, and of the purchase money, and all buildings and improvements thereon, to the said J. S. Fullerton or his heirs, and should completely and absolutely reinvest the title of said premises in him or them, and he or they shall have lawful right to reenter upon and repossess himself or themselves of the said premises," etc., "as if the same had been conveyed to him or them by deed," etc. The very deed which the defendant is called upon by this proceeding to execute is to contain within its body the antidote to the malady with which the demurrer alleges that this contract is inflicted, and there can be no difficulty in framing a decree requiring the execution of a deed in such form as to make this provision effective. *Stuyvesant v. Mayor*, 11 Paige, 414. So that this objection to the insufficiency of the petition is not well taken.

V. The substance of the fourth and fifth objections to the petition is that the covenants provided for in the contract rest in personal trust and confidence, and the contract cannot be assigned. This objection is answered by the terms of the covenants themselves as set out in the petition, which are to be binding on Reveley and his assigns. The contract contemplates an assignment of Reveley's interests, and the obligation to perform the covenants by his assigns runs with the interest in the land assigned, and can as well be per-

formed by them as by him. This interest is assignable. *Melton v. Smith*, 65 Mo. 320.

VI. The contract of defendant Reveley was assigned to the plaintiff about a year after it was made, as is conceded by the demurrer, instead of seven years as stated in the brief of counsel; and we find nothing in this fact, or in the fact that this suit was not brought until six years after the assignment of the contract, that would furnish grounds for denying the plaintiff the relief sought. If the plaintiff or his assignor have been guilty of such laches as should preclude equitable relief, it does not appear on the face of the petition. We think the demurrer should have been overruled. The judgment of the circuit court is therefore reversed, and the cause remanded for trial. All concur.