EMILY B. ELLIOT v. SUSAN ROCHE and Others.[1]

May 21, 1896.

Nos. 9981—(133).

**Action on Note—Pleading—Note as Exhibit.**

R. and others executed a promissory note, dated October 1, 1892, payable October 1, 1897, drawing interest at the rate of 7 per cent. per annum, payable semiannually, according to 10 interest coupons, executed simultaneously with the note, which also contained a provision that if any instalment of interest should not be paid when due, or within 15 days thereafter, the said principal sum, with all interest due or accrued thereon, should become due and payable at once, without notice, at the option of the legal holder. E., as assignee and purchaser of the note upon default of the payment of the fifth instalment, elected to and declared the whole principal sum and accrued interest due, and so alleged in her complaint, and by proper reference to the note as an exhibit, and by proper averment, stated that she attached it to and made the same a part of her complaint. *Held*, that the effect of such reference was to make the note referred to part of the complaint, not as evidence, but to enable her to rely upon it, and every part thereof, at the trial; that these statements were not mere recitals, but allegations of existing and operative facts, viz. the terms of the note and defaults in the conditions thereof, and therefore sufficient.

Appeal by defendants from an order of the district court for Ramsey county, Egan, J., overruling a demurrer to the complaint. Affirmed.

*Moritz Heim,* for appellants.

*Stevens, O'Brien, Cole & Albrecht,* for respondent.

[1] Reported in 67 N. W. 539.

BUCK, J.   This action is brought upon a promissory note dated October 1, 1892, which is attached to, and marked "Exhibit A," and made a part of the complaint, the principal payable October 1, 1897, and drawing interest at the rate of 7 per cent. per annum thereon, payable semiannually, according to the terms of 10 interest coupon notes, executed simultaneously with the note, which also contained a provision that if any instalment of interest should not be paid when due, or within 15 days thereafter, the said principal sum, with all interest due or accrued thereon, should become due and payable at once, without notice, at the option of the legal holder of the note.

The payee named in the note is the St. Paul Title Insurance & Trust Company, and it duly sold, assigned, and transferred the note to the plaintiff, who, in her complaint, alleges that she is the lawful owner and holder thereof; that instalment of interest represented by coupon No. 5 became due April 1, 1895, and was not paid, although duly demanded; that by reason of said default in the payment of said interest, and in accordance with the conditions of said note, the whole principal sum evidenced thereby, with the interest accrued thereon, has become due and payable, and this plaintiff has elected to and does declare the same to be now due and payable, and that no part of the same has ever been paid.   The defendants interposed a demurrer to the complaint upon the ground that the complaint does not state a cause of action, and assign as errors:   (1) That there is no allegation in the complaint that the defendants, for value received, promised to pay to the order of the plaintiff's assignor the sum therein stated; (2) that there is no allegation in the complaint that the said note contains a provision authorizing the plaintiff to declare the whole sum due upon the nonpayment of interest; (3) that there is no allegation in the complaint of a time when the promissory note became due; (4) that the court erred in holding that the recitals in "Exhibit A," attached to the complaint, took the place of the necessary allegations of a cause of action in the complaint.

We think that the appellants' counsel misapprehends the nature or office of the "Exhibit A," as used in the complaint.   It is the written contract between the parties, set forth in full, and by a proper averment or reference it is made a part of the complaint, just as much so as though it was wholly and formally incorporated into the complaint itself.   Bliss on Code Pleading (section 158) says that the common-law rule of a statement in a pleading is that "a

contract or legal instrument should be stated according to its legal effect," and in such case there is no variance if the phraseology of the instrument is not the same as that stated in the pleading; and cites 1 Chit. Pl. (Ed. 1876) 312, where he says that "this rule is of very extensive operation, and applies not only to the statement of contracts in the action of assumpsit, but also to the statement by either party of contracts and obligations of every description, whether verbal, written, or specialty in any form or action." The pleader is not under imperative obligation thus to plead, for it is sufficient to set forth the very words of an instrument; and, if it be so pleaded, the court will judge of their legal effect. As limited to the description of a written instrument, the pleader will be allowed to give it in hæc verba, for that is a statement of the facts, and the whole matter will be before the court. This is not an artificial or technical rule, nor does it involve a fiction; for in no other way can an act or paper be described truly when it is not set out in words. Thus it is in harmony with the requirements of the Code that it shall state the facts; and the permission to set out a contract in words, or describe it according to its legal effect, is still recognized. Bliss quotes several authorities to sustain this rule which we have quoted from his Code Pleading.

Referring, under this rule, to the note or contract, we find that the amount therein stated was, for value received, made payable to the plaintiff's assignor; that it contains a clause authorizing the payee to declare the whole sum due upon the nonpayment of interest, and states the time when the principal becomes due. These statements are not mere recitals, but are allegations of operative or existing facts and of the terms of the contract and of default thereof; and, thus being a part of the complaint by reference to the written note or contract, they need not be inserted twice in the pleading. To do so would render the pleading double and impertinent. This method of referring to a writing as an exhibit, and making it a part of the pleading, enables the pleader to state his case plainly if the breach of the contract relied upon, and which is important in the case, is fairly and clearly set forth as in this action. The case of Sprague v. Wells, 47 Minn. 504, 50 N. W. 535, cited by the appellants, is not authority to the contrary, as the essential allegations in the complaint were there lacking.

Order affirmed.