REALTY REVENUE GUARANTY COMPANY v. FARM, STOCK, AND HOME PUBLISHING COMPANY.

May 22, 1900.

Nos. 12,042—(77).

79    465
82    190

## Pleading—Attaching Exhibits.

Exhibits may be attached to and made part of a pleading, not as substantive allegations of the contents thereof, but to aid, and in explanation of, the facts formally alleged and set forth in the body of the pleading.

## Complaint—Repeating Allegations—Several Causes of Action.

Where a complaint contains several causes of action, allegations and matters of fact set forth in the first cause, which apply alike to all others, may be made a part of each subsequent cause of action, without repeating the same at length, by an appropriate allegation of reference thereto.

Appeal by defendant from an order of the district court for Hennepin county, Brooks, J., overruling a demurrer to the complaint. Affirmed.

*S. R. Child*, for appellant.

*Alfred L. Brice* and *M. A. Spooner*, for respondent.

BROWN, J.

Action for libel. The complaint alleges, in paragraphs designated therein as first and second, that the plaintiff is a corporation duly organized and existing under the laws of this state, and that defendant is also a corporation. In paragraph third it is alleged

"That heretofore and ever since the 1st day of March, 1899, plaintiff

79 M.—30

was engaged in the business of buying and dealing in personal property and real and mixed estates, and, incident thereto, was making a large number of sale contracts with the farmers in the northwestern states, a copy of which contract is hereto attached and made a part hereof; that heretofore, and on the 13th day of April, 1899, defendant was engaged in publishing a certain bimonthly newspaper, called the 'Farm, Stock, and Home,' which has a large circulation among the farmers in the states heretofore mentioned, and which is printed and published in the city of Minneapolis."

The complaint contains four causes of action. Different excerpts from the libellous articles charged to have been published by defendant are taken and made the basis of separate causes of action. The allegations of the complaint as to the second cause of action contain the following:

"For a second cause of action, plaintiff * * * realleges and reaffirms all the allegations of paragraphs 1, 2, and 3 of plaintiff's first cause of action."

The third and fourth causes of action contain the same allegations. Defendant interposed a general demurrer to each cause of action, the ground of the demurrer being that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant appealed.

Defendant's counsel makes four distinct objections to the complaint: (1) That the exhibits attached thereto can in no sense be treated as a part of the complaint; (2) that, if such exhibits are construed to be a part thereof, they can only help out the first cause of action; (3) that the third cause of action is not a libel against the corporation, but against its officers; and (4) that the publication is privileged. None of these objections is well taken.

1. The first is that the exhibits attached to the complaint cannot be considered as any part thereof. The exhibits are (1) the libellous article taken from defendant's publication; and (2) a form of contract which plaintiff alleges it was making with farmers. It is very well settled that exhibits may be attached to and made part of pleadings, not as substantive allegations of fact, but in aid and explanation of the fact formally alleged in the body of the pleading. Elliot v. Roche, 64 Minn. 482, 67 N. W. 539; 8 Am. & Eng. Enc. Pl.

& Pr. 740, and notes.   Whatever may be the practice in other states in this respect, it is recognized in this state as proper to attach copies of papers and exhibits, rather than to set them out in hæc verba in the body of the pleading; and when so attached they may be referred to in aid of, and in construing and applying, the facts alleged.

2. The second point is equally untenable.   Counsel contends that, if such exhibits are properly a part of the complaint, they can only be considered and referred to with reference to the first cause of action, because they are not specially referred to and made a part of the subsequent causes of action.   In other words, his contention is that "the statement in each cause of action, after the first, that 'plaintiff realleges and reaffirms all the allegations of paragraphs 1, 2, and 3 of plaintiff's cause of action,' does not have the same effect as repeating those allegations."   Brevity in pleading is to be encouraged rather than discouraged.   To hold with defendant on this subject would be to require the useless repetition of allegations in a pleading, and make them unnecessarily long and prolix.

3. The plaintiff is a corporation, and defendant claims that the matter set up in the third cause of action was libellous as to the individual officers, and not as to the corporation.   The libellous matter is as follows:

"As to reliability; the president of the company has been connected with at least one unsavory mutual insurance scheme,—a once notorious life insurance company of Montevideo, Minn., and it is said that the head pushers in the Dakotas are men who were prominent in the Amboy and other plundering hail insurance companies of this state."

The question presented by this objection is covered by the case of Martin Co. Bank v. Day, 73 Minn. 195, 75 N. W. 1115.   We need only to refer to the decision in that case.   It is a complete answer to defendant's contention.

4. No facts are alleged in the complaint on which to base defendant's contention that the libellous article was privileged.   It does not appear that defendant had any interest in the subject-matter of the article, nor that it owed any duty with reference thereto towards any person having an interest therein.   Nor does it contain

any allegations from which good faith on defendant's part can be spelled out. On the contrary, the complaint charges defendant with express malice.

For these reasons, briefly expressed, we conclude that the complaint is not open to the objections urged against it, and the order overruling defendant's demurrer thereto is affirmed.