UNION SEWER PIPE COMPANY v. ANDREW OLSON and Others.[1]

January 4, 1901.

Nos. 12,348—(150).

| 82 | 187 |
|----|-----|
| d86 | 324 |

Construction of Contractor's Bond.

The rules for the construction of contracts and other written instruments apply to official bonds, the application thereof being guided by the further rule that sureties are not liable beyond the strict letter of their contract.

Same.

Bond on which this action is founded construed, and *held* (1) that it is not void for uncertainty, and (2) that the conditions thereof are not of the tenor or effect set out in the complaint.

Pleading—Exhibits.

As a general rule, exhibits attached to a pleading are not to be taken as substantive allegations of fact, unless the pleading be so framed as to show an intention on the part of the pleader to make them such.

Same.

When, in any case, an exhibit so attached is the foundation of the cause of action or defense to which it relates, the validity or sufficiency thereof, as a matter of law, to constitute or establish such cause of action or defense, may be determined on demurrer to the pleading to which it is so attached.

Action in the district court for Polk county to recover $1,186.18 and interest on a bond. From an order, Watts, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*A. A. Miller*, for appellant.

*H. Steenerson* and *Charles Loring*, for respondents.

BROWN, J.[2]

Action to recover upon a bond executed by defendants to secure the faithful performance of a contract with the city of Crookston. The bond was executed under the provisions of Laws 1897, c. 307. The plaintiff furnished material to be used in the performance of the contract, and the contractor, principal in the bond, has re-

[1] Reported in 84 N. W. 956.          [2] COLLINS, J., absent, took no part.

fused and neglected to pay therefor. The complaint alleges, among other things,

"That in connection with the making of said contract hereinbefore mentioned, and for the purpose of enabling the said defendant Andrew Olson to obtain said contract from said city, he furnished and filed with the comptroller of said city a bond signed by himself as principal, and the defendants A. M. Sivertson and J. Jorgenson as sureties, which said bond bears date the 12th day of September, 1898, and is executed to the city of Crookston by the aforesaid Andrew Olson as principal, and the defendants A. M. Sivertson and J. Jorgenson as sureties, in the penal sum of forty-two hundred ($4,200) dollars, conditioned, among other things, that if the defendant Andrew Olson should well and truly and faithfully execute the work embraced in the hereinbefore mentioned contract with the said city, in the manner and within the period named in said contract, and according to the plans and specifications in the office of said city engineer, and shall pay for all labor and material employed or used, then said bond shall be void, but that otherwise it should remain in full force and effect; that a copy of said bond is hereto annexed, marked 'Exhibit A,' and made a part of this complaint."

The conditions of the bond, as appears from the copy attached to the complaint, are as follows:

"The condition of this obligation is such that if the above-bounden Andrew Olson contracts for himself, his heirs and assigns, that he shall well, truly, and faithfully execute the work embraced in the foregoing contract in the manner and within the period named in the said contract, and according to the plans and specifications on file in the office of the city engineer, and in accordance with the instructions given from time to time by said engineer, and pay for all labor and material employed or used, then this obligation to be void; otherwise, to remain in full force and effect."

Defendants Sivertson and Jorgenson interposed a general demurrer to the complaint, which was sustained by the court below, and plaintiff appeals.

The question raised by the demurrer goes to the validity of the bond, and whether the conditions thereof express a contract, agreement, or obligation, such as is pleaded in the complaint. The statute referred to provides that the person contracted with by any municipality for public improvements shall execute a bond

to the municipality, conditioned for the faithful performance of the contract, and the payment for all labor and material employed and used in connection therewith. The complaint alleges that the bond in question was executed in compliance with this statute, and there is little doubt but that the parties thereby attempted such compliance. The language of the bond, however, falls far short of expressing the contract so attempted to be made. It creates no obligation other than that the obligor will contract, for himself and his heirs, to perform certain work. Not that he will faithfully perform the work, or pay for the labor or material, but that he will, for himself and his heirs, etc., contract to do so. The conditions of the bond would be fully complied with on part of the obligor by entering into a contract agreeing and promising to do the several acts therein mentioned.

The books inform us that a bond is "insensible" when the terms and conditions thereof are so unintelligibly expressed as to render it impossible to ascertain the intention of the parties. Such a bond is utterly void. We do not think that this bond comes within that rule of law. It is true that the conditions expressed therein are absurd when considered in connection with the surroundings, and are in a measure ambiguous, and such as to call for construction, yet the language employed is neither unintelligible nor meaningless.

The bond must be construed in accordance with the general rules for the construction of written instruments, guided in their application by the further rule that sureties are not liable beyond the strict letter of their contract. 1 Brandt, Sur. §§ 92, 93; Tomlinson v. Simpson, 33 Minn. 443, 23 N. W. 864. Effect must be given to the intention of the parties, if it can be ascertained from the writing. A written instrument expressing a distinct agreement must be construed as evidencing the intention of the parties, even though it appear dehors the writing that the parties really intended to make a contract quite at variance therewith. A contract in that form cannot be corrected by construction. Mistakes in contracts or official bonds may be corrected, and the instrument reformed to give effect to the intention of the parties, but such corrections cannot be effected by legal construction. In an action

to enforce a contract, its force and operation must be determined by a consideration of its language, giving force and effect to every word, sentence, and clause. If one construction would render the writing meaningless, and another gives force and effect to all the language used therein, and discloses a distinct lawful agreement, the latter construction must prevail. Flaten v. City of Moorhead, 51 Minn. 518, 53 N. W. 807.

In the light of these considerations, it is clear that the bond in question is not utterly void under the "insensible" rule, but, on the contrary, is a valid obligation, and expresses fairly the contract and agreement we have already adverted to, namely, an agreement on the part of the obligor to enter into a contract with the city. The complaint contains no suggestion of fraud or mistake, nor does it ask for a reformation or correction of the contract. The bond was executed in attempted compliance with the statute before referred to, and must stand or fall, so far as plaintiff is concerned, as a statutory obligation. It cannot be reduced in rank to a common-law bond, and a recovery awarded thereon to plaintiff, because plaintiff is a stranger thereto. Murfree, Off. Bonds, § 186.

Counsel for appellant makes the point that the complaint, taken separately and independently of the bond attached thereto, states a good cause of action, and is not rendered demurrable by reason of the fact that the bond does not sustain and support its allegations. It is proper to attach exhibits to pleadings, in aid and explanation of the cause of action or defense set up, but as a general rule the recitals in such exhibits are not to be taken as substantive allegations of fact, unless the pleading be so framed as to show an intention on the part of the pleader to make them such. Dunnell, Minn. Pl. § 320; Taylor v. Blake, 11 Minn. 170 (255); Sprague v. Wells, 47 Minn. 504, 50 N. W. 535; Elliot v. Roche, 64 Minn. 482, 67 N. W. 539; Realty R. G. Co. v. Farm, S. & H. Pub. Co., 79 Minn. 465, 82 N. W. 857; Aultman v. Siglinger, 2 S. D. 442, 50 N. W. 911. But such exhibits are never permitted to supply the place of proper and essential allegations, except, as stated, where the pleading is framed for that purpose and with that end in view. Burkett v. Griffith, 90 Cal. 532, 27 Pac. 527;

Pomeroy v. Fullerton, 113 Mo. 440, 21 S. W. 19. When, in any case, an exhibit so attached is the foundation of the cause of action or defense to which it relates, the validity or sufficiency thereof, as a matter of law, to constitute or establish such cause of action or defense, may be determined on demurrer to the pleading to which it is so attached.

Order affirmed.