### MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY v. OTTO GRETHEN and Another.[1]

May 29, 1902.

Nos. 12,976—(86).

**Complaint—Demurrer.**
Complaint construed, and demurrer thereto *held* properly overruled.

Appeal by defendants from an order of the municipal court of Minneapolis, Holt, J., overruling a demurrer to the complaint. Affirmed.

*Penney & McMillan,* for appellants.
*Alfred H. Bright,* for respondent.

BROWN, J.

An action was commenced in justice court in the state of North

[1] Reported in 90 N. W. 573.

Dakota in which plaintiff in this action was made garnishee. It had the sum of $60 in its hands belonging to defendant, and so disclosed at the hearing before the justice. The action was dismissed in the justice court, and the cause was removed to the district court by appeal. After the dismissal of the action, and before the appeal, defendant therein assigned her claim against the railroad company to defendant Grethen; and to obtain the money from the railroad company Grethen executed to it an indemnity bond conditioned to indemnify the railroad company against any judgment which might be rendered in the action on the appeal. The plaintiff recovered in the district court, and the company was compelled to pay the money disclosed by it as belonging to defendant; whereupon this action was brought in this state to recover upon the indemnity bond. There was a demurrer to the complaint in the court below, which was overruled, and defendants appealed.

We have examined the complaint and the points made by appellants, and hold without extended discussion that it states a cause of action, and that the demurrer to it was properly overruled. The case is wholly unlike Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 84 N. W. 756. In that case exhibits were attached to the complaint, and the court held that exhibits attached to a pleading were not to be taken as substantive allegations of fact unless the pleading be so framed as to show an intention on the part of the pleader to make them so. The bond sued on in the case at bar was set out in the complaint in hæc verba, thus showing conclusively an intention on the part of the pleader to make it a substantial part of the complaint.

The order appealed from is affirmed.