JAMES C. STEWART and Another v. H. F. SIMMONS and Others.[1]

June 21, 1907.

Nos. 15,207—(165).

**Mechanic's Lien—Complaint.**

In an action to enforce a mechanic's lien, it is *held* that an allegation of the complaint that the lien statement was filed February 26, 1906, and within ninety days after the furnishing and delivery of the last item of materials and labor, is one of fact, and sufficient as against a general demurrer, although the exact date of furnishing the last item is not alleged; and, further, that the complaint, read in connection with the lien statement, a copy of which is attached to the complaint and made a part thereof, may be fairly construed as alleging that a statement for a lien on account of materials and labor furnished pursuant to the contract alleged therein was duly filed.

Appeal by defendant The J. S. Kearney Company from an order of the district court for Hennepin county, John Day Smith, J., overruling a demurrer to the complaint. Affirmed.

*Welch, Hayne & Hubachek,* for appellant.

*L. J. Van Fossen* and *F. N. Hendrix,* for respondents.

START, C. J.

This is an appeal from an order of the district court of the county of Hennepin overruling the general demurrer of the defendant J. S. Kearney Company to the complaint in an action to enforce a mechanic's lien.

[1] Reported in 112 N. W. 28!

The appellant, the owner of the land against which it is sought to enforce the lien, claims that the complaint does not allege a cause of action as to it, because it contains no allegation as to the time when any of the alleged labor and material for which the lien is claimed was performed or furnished, and for the further reason that the complaint contains no allegation that any lien statement was ever filed covering the labor and material in question. The allegations of the complaint relevant to these claims are to the effect following: That on November 10, 1905, and for more than three months thereafter, the tenant of the appellant was in possession of a building on the land, and on November 12, 1905, the plaintiffs and the tenant entered into a contract whereby the plaintiffs agreed to install plumbing and heating plants in the building; that they furnished the material and performed the labor and installed the plants in the building; that the contract price and the reasonable value thereof was $1,474.48, no part of which has been paid, except the sum of $508.02, leaving a balance due of $966.46; that the appellant had notice and knowledge of the material and labor being so furnished by the plaintiffs, but it never gave any notice whatever that its interest in the land should not be subject to any lien therefor; and, further, "that on the 26th day of February, 1906, and within ninety days after the furnishing and delivery of the last items of said material and labor by plaintiffs for the installation of said plumbing and heating plants, said plaintiffs duly filed in the office of the register of deeds in and for the said county of Hennepin and state aforesaid a verified statement and claim of lien in writing, subscribed by said plaintiffs and verified by the oaths of James C. Stewart and Arthur Johnson, said plaintiffs, and was recorded in Book 20 of Liens, on page 176, a copy of which lien is hereto attached, marked 'Exhibit A,' and made a part hereof." The statement continuing the lien, which was made a part of the complaint, stated that the materials and labor were furnished and performed in installing plumbing and heating plants in the building on the land therein described pursuant to a contract, the terms of which are set forth therein, from which it appears that it is the same contract alleged in the complaint. It was also set forth in the lien statement that the first item of such material and labor was furnished and per-

formed November 13, 1905, and the last item thereof on December 26, 1905.

The complaint is not a model of accurate pleading; but, tested by our liberal rules of pleading, it must be held to state a cause of action against the appellant. The objection to the complaint that there are no allegations as to the time when materials and labor were furnished and performed is not well taken. It appears from the allegations of the complaint that the materials and labor were furnished and performed between November 12, 1905, the date of the contract, and a time within ninety days before February 26, 1906, when the lien statement was filed. The appellant, however, urges in this connection that the allegation that the lien statement was filed within ninety days after the furnishing and delivery of the last items of material and labor is a conclusion of law. It is an allegation of fact, and sufficient as against a demurrer, although the exact date is not alleged; for the material fact which must be alleged is that the lien statement was filed within ninety days after the last item was furnished. Willer v. Bergenthal, 50 Wis. 474, 7 N. W. 352; Wood v. Oakland, 107 Cal. 500, 40 Pac. 806.

The further claim of appellant's counsel, that the complaint does not by any direct allegation connect the lien statement with the materials and labor furnished for the appellant's building, is technically correct; for the allegation that a verified statement and claim of lien was duly filed and recorded fails to allege directly that the statement and claim of a lien was on account of the materials and labor so furnished. The complaint, however, specifically makes the lien statement, a copy of which is attached and marked "Exhibit A" a part of the complaint. This statement clearly shows that the material and labor were furnished for the purpose of installing plumbing and heating plants in the appellant's building pursuant to the contract alleged in the complaint. It is true, as claimed, that exhibits attached to a pleading do not serve the purpose, as a matter of pleading, of an allegation of fact, unless the pleading be so framed as to show an intention to make them such. Hurlbert v. New Ulm Basket Works, 47 Minn. 81, 83, 49 N. W. 521; Sprague v. Wells, 47 Minn. 504, 50 N. W. 535; Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 84 N. W. 756. Such exhibits may, however, be attached to pleadings, and be referred to in aid of and in construing and applying the facts alleged in the com-

plaint. Realty R. G. Co. v. Farm, S. & H. Pub. Co., 79 Minn. 465, 82 N. W. 857; Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Grethen, 86 Minn. 323, 90 N. W. 573. Now, reading the complaint in connection with the lien statement, it fairly may be construed as alleging that a verified statement and claim for a lien on account of the materials and labor furnished pursuant to the contract was duly filed.

Order affirmed.