## BR. BANK AT MOBILE v. DARRINGTON.

1. When a levy is made in the county of Clarke, and a forthcoming bond taken to deliver the property in Mobile, no execution can issue upon it, though returned forfeited, *as it is not good as a statute bond, though it may be valid as a bond at common law.*

2. The bank marshal, under the act of 1841, is clothed with all the powers of a sheriff, and in the execution of process, must observe the same rules as are prescribed by law to sheriffs.

Error to the County Court of Mobile.

This was a motion to quash an execution issued on a forthcoming bond. The bond was executed in 1844, and was taken by the bank agent appointed under the act found in Clay's Digest, 118, § 86.

The levy of the execution was made in Clarke county. The condition of the bond runs : " The condition of this obligation is such, that whereas a levy has been made by Jacob S. Marsh, agent of the Branch of the Bank of the State of Alabama at Mobile, upon the following described property, . . . . . by virtue of an execution issued from the clerk's office of the county court of Mobile county, on the 15th of July, 1844, and made returnable to the next term of said court, to be held on the second Monday of February. Now, if the above bounden [parties] shall well and truly deliver the above described property to the agent of the bank aforesaid, or his deputy or deputies, at the court house of said county."

The delivery, it appears, was to have been made in a different county from that in which the levy was made, viz., Mobile county.

The court, on motion, quashed the execution, which is the matter now assigned for error.

Taylor, for plaintiff in error.

CAMPBELL, contra.

An agent appointed by the bank to serve executions (Clay's Dig. 118, § 86,) must conform to the regulations prescribed to sheriffs. He is a sheriff in the county in which he performs an official act. He cannot take a forthcoming bond for the delivery of property levied on at a different place than the court house of the county in which he served the execution. Clay's Dig. 215, § 71; 216, § 75.

A statutory remedy cannot be had upon a forthcoming bond, when the bond does not conform to the directions of the statute.

DARGAN, J.—The agents of the State Bank and Branches, appointed under the act of 1843, were clothed with the same powers in the execution of process in favor of the banks, conferred by law on sheriffs; but in the execution of those powers, they were bound to observe the same rules prescribed to sheriffs.

It is the duty of a sheriff, when he levies on personal property, to take bond and good security for the delivery of it, on the day of sale; but he can only sell slaves, and land, at the court house of his county; consequently the condition of a forthcoming bond for the delivery of slaves, must be to deliver them at the court house of the county in which the levy was made by the sheriff, and if the condition of the bond be to deliver the slaves to the sheriff, in a different county, although the bond may be a good common law bond, yet it is not a statutory bond, upon which the plaintiff can issue execution, upon the return of forfeiture made thereon by the sheriff. To entitle the plaintiff to this summary remedy, the statute must be strictly pursued. Marsh, the agent of the bank, made the levy on the slaves in Clarke county, which was the county of the defendant's residence. He was bound to sell the slaves in the same manner, and at the same place, that the sheriff of Clarke would have done, had the levy been made by him, which was at the court house of that county.

25

It was also his duty to take a forthcoming bond; but to make it a statutory bond, on which an execution could issue on the return of forfeiture, the condition should have been to deliver the slaves at the court house in Clarke, and not at the court house of Mobile county. As the condition of the bond was to deliver the slaves in Mobile on the day of sale, and not at the court house of Clarke, where the law directs they should have been sold, it is not a statutory bond, upon the forfeiture of the condition of which, an execution could issue against the obligors. There was no judgment, then, on which the execution could rightfully issue against Darrington, and the county court properly quashed it.

The judgment is affirmed.