# Russell *et al. v.* Locke *et al.*

### Attachment, and Motion to Quash Replevin Bond.

1. *Statutory replevin bond; when insufficient under section 2964, Revised Code.*—Where a replevin bond is vague and indefinite in the description of the process under which the levy was made, it is not a good statutory bond under section 2964, Revised Code, and will not sustain a statutory execution on return of forfeiture.

2. *When bond sufficient to support action; motion to quash, when not allowed.*—When the bond contains enough to constitute a valid common-law obligation, with proper averments, it will support an action, and the court will refuse to quash the same on motion.

APPEAL from Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

This was an attachment suit brought by Jesse Locke, administrator of M. B. Locke, deceased, against one Kerse Russell. The "replevin" bond in question is set out in the bill of exceptions as follows:

"The State of Alabama, Pike county. I, Kerse Russell, and J. O. Adams, and principal obligor, as defendant, in a suit by attachment issued by George Williams, clerk of the Circuit Court of Bullock county, on the 30th day of November, 1871, returnable to a term of the Circuit Court for said county, to be held at Union Springs on the fourth Monday of March, 1872, in which writ Jesse Locke, administrator of M. B. Locke, deceased, is plaintiff, said attachment having been, by H. R. Segars, sheriff of Pike county, Alabama, served on the 14th day of December, 1871, on the following property, to-wit: sixty-three hundred pounds of seed cotton,.

·or cotton in the seed, more or less, which is now in his possession or under his control; and we, as sureties of said defendant, for replevy of the same, agree to pay the said Locke, administrator of M. B. Locke, deceased, plaintiff aforesaid, the sum of seven hundred dollars, if the defendant should fail in said suit, or if said sureties do not return said property, within thirty days after judgment shall have been rendered against said defendant in said suit, to the proper officer or authority. Witness our hands and seals, this, 28th day of December, 1871."

The following endorsements were upon the bond: "Forfeited, this, the first day of April, 1874. H. R. Segars, sheriff Pike county, Alabama." "Forfeited, this, first day of April, 1874. J. G. Cowan, sheriff Bullock county."

The plaintiffs moved to quash said bond, among other grounds, because said bond was not taken in the manner prescribed in the statute. The court overruled said motion to quash, which ruling (together with other rulings of the court, not necessary to be here noticed), is now assigned as error.

NORMAN & WILSON, for appellant.

ARRINGTON & TOMPKINS, contra.

No briefs came to Reporter.

STONE, J.—The sole question presented by this record arises on a motion to quash the replevin bond. We think the bond given is not a good statutory bond under section 2964 of the Revised Code, and that no execution could properly issue upon it under section 2966. It fails to describe sufficiently the process under which the levy was made; and, consequently, any statutory execution issued on the endorsement of such bond forfeited, would be quashed on motion.—*Lunsford v. Richardson*, 5 Ala. 618; *Moffitt v. Br. Bank*, 7 Ala. 593; *Br. Bank v. Darrington*, 14 Ala. 192; *Nicolson v. Burke*, 15 Ala. 353; *Shorter v. Mimms*, 18 Ala. 655.

We hold, however, that the bond is a good common-law obligation, and that with proper averments, it will support an action.—*Sewall v. Franklin*, 2 Por. 493; *Meredith v. Richardson*, 10 Ala. 828; *Williamson v. Woolf*, 37 Ala. 298; *Mitchell v. Ingram*, 38 Ala. 395; *Wood v. Coman*, at present term.

The bond is not void, and the Circuit Court did not err in refusing to quash it.

No other question presented·need be considered; for the·. question raised on the evidence of the witness, Segars, is· rendered unimportant by the view we take of the case.
  Affirmed.