# Harrison *v.* Hamner.

*Motion to Quash Execution.*

99    603
98    260

1. *Summary execution on replevy bond; bond must be strictly statutory.* A replevy bond, to justify the issuance of a summary execution upon its return as forfeited, must follow strictly the provisions of the statute.

2. *Same; motion to quash.*—A motion to quash a summary execution issued upon a forfeited replevy bond may be acted on at any time when the court is in session, without regard to the term of the court at which the judgment in the original suit was rendered.

3. *Same; exception to ruling thereon.*—When a motion to quash an execution, based upon several grounds, is overruled, an exception reserved to such ruling need not be several as to each of the grounds.

APPEAL from the City Court of Gadsden.

Heard before the Hon. JOHN H. DISQUE.

This is an appeal from the judgment of the City Court of Gadsden overruling a motion to quash an execution issued on a forfeited replevy bond.

The appellee, D. T. Hamner, brought an action for detinue against one J. A. Powers, for certain described property. The property was seized by the Sheriff, and upon the said Powers giving a replevy bond for certain portions of the property, with the appellants as his sureties thereon, the

property was delivered back to said Powers. Judgment was rendered in the detinue suit against the defendant for the property sued for, and damages for the detention thereof together with costs. The condition of the replevy bond was as follows: "The condition of the above obligation is such that, whereas a summons and complaint in detinue issued from the City Court of Etowah county in favor of D. T. Hamner against the above bound J. A. Powers for the recovery of the property hereinafter described has been placed in the hands of Wm. Chandler, sheriff of said county, and said sheriff has taken possession of said property to-wit: one black horse mule, tall and slender built, and black mule, one new set of double wagon harness and one three inch thimble skein two horse Tennessee wagon, the said property was mortgaged to D. T. Hamner and T. L. Johnson, which property has been delivered to the said defendant upon his entering into this bond. Now, if the said J. A. Powers, in the event he is cast in the said suit, will, within thirty days thereafter, deliver the said property to the plaintiff, and pay all costs and damages which may accrue from the detention thereof, then this obligation to be void, otherwise to remain in full force and effect. And to secure the payment of this bond (should it be forfeited) we hereby waive the right to claim any exemption under the Constitution and statutes of Alabama."

On February 23, 1892, the sheriff returned this bond with the following endorsement thereon: "The property for which this bond was given has been delivered to the plaintiff, but the damages assessed for the detention and the cost has not been paid, and this bond is returned forfeited as to such damages and costs." Upon this return the clerk issued an execution on the bond as forfeited as to damages and costs. Thereupon the sureties on said bond moved the court to quash the execution issued by the clerk upon the following grounds: "1st. That the said property was delivered to the plaintiff, and there was no forfeiture of said bond except as to damages for detention, which was assessed by the court at $123, besides costs, while the said execution was issued for $189.37, besides costs, against these sureties. 2d. That damages were assessed for the detention of all the property mentioned in plaintiff's complaint against these sureties, when they only gave bond for a part of the property mentioned in said complaint, and are not liable for detention of all the property therein mentioned. 3d. That the condition of said bond is that a summons and complaint in detinue issued from the City Court of Etowah county, &c.,

and is not a statutory bond on which an execution could issue as there is no such court of Etowah county."

Upon the submission of this motion, the court sustained the first ground of the motion, deducted $66.37 from the amount recited in the execution, and overruled the second and third grounds of said motion; and, as recited in the bill of exceptions, "to the overruling of said 2d and 3d grounds movants except." This judgment is now appealed from, and is here assigned as error.

GEO. D. MOTLEY, for appellant, cited *Anderson v. Bellenger,* 87 Ala., 334; Code of 1886, § 2717.

DORTCH & MARTIN, *contra.*—1. The motion to quash came too late. Acts of 1890-91, p. 1102. *Hudson v. Modawell,* 64 Ala. 483. 2. The exception to the ruling of the court was general and cannot be considered. A separate exception should have been reserved to the overruling of each ground of the motion.

STONE, C. J.—The replevin bond given in this case is clearly not a statutory bond, upon which a summary execution could issue, when the sheriff returned the bond forfeited. The execution was therefore irregular, and subject to be quashed on a proper motion. Code of 1886, § 2721; *Lunsford v. Richardson,* 5 Ala. 618; *Moffett v. Br. Bank of Mobile,* 7 Ala. 593; *Br. Bank v. Darrington,* 14 Ala. 192; *Russell v. Locke,* 57 Ala. 420. The bond, however, is a good common law obligation, and will support an action for its breach. *Wood v. Coman,* 56 Ala. 283; *Masterson v. Matthews,* 60 Ala. 260; *Ernst v. Hogue,* 86 Ala. 502.

Counsel for appellee do not gainsay the foregoing propositions, but they contend that they are for certain specified reasons inapplicable to the case presented in the record before us.

*First :* It is contended that, for the purposes of the motion to quash, the City Court of Gadsden cannot be regarded as being in session when this motion was ruled on. The precise point of this contention is, that under the statute creating that court, approved February 18, 1891—Sess. Acts, 1092-1103—it is enacted, "That final judgments rendered in said court shall, after the expiration of ten days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of the court at which such judgments are rendered had ended at the end of said ten days;" with certain provisos, not material to a proper

decision of this case. § 27, p. 1102. The motion to quash was made more than ten days after the judgment was rendered in the detinue suit.

There is nothing in this objection. The execution which the motion sought to quash was not issued pursuant to any order of the court; and granting the motion would, in no sense, have been the taking or assertion of control over the judgment of the court. It was a statutory execution, issued by the clerk on the return of the bond forfeited, sometimes called an office judgment. A further reason. A motion to quash an execution, it would seem, could never involve interference with, or change of the judgment of the court. The inquiry on such motion must needs be, whether or not under the judgment rendered and the attendant facts, the process of execution and its enforcement are justified under the law. Such motion may be acted on at any time when the court is in session, without any regard to the term of the court at which the judgment was rendered. The court in such action simply supervises the action of its ministerial officers so as to prevent misuse or abuse of its process. 3 Brick. Dig., 454, §§ 92, 93.

*Second:* It is objected that the exception in this case was not properly reserved. In the motion to quash, two grounds were stated, one of which it is contended is insufficient and frivolous. The court overruled the motion to quash, and movant excepted. The contention is, that the exception should have been several as to each of the grounds on which the motion was rested.

We think this is a misapprehension of the principle which requires that the exception must not be broader than the error complained of. The motion was to quash the execution, and the exception was to the order of the court overruling that motion. That was the error complained of—not the ground on which the ruling was based. Like objections to the introduction of testimony, some of which objections are sufficient and others insufficient, if the court admit the testimony and there is a single exception to the ruling, this raises the question and makes it our duty to consider it. The error in such case consists in receiving illegal evidence, and not in overruling a sufficient objection to it because it is associated with another that is insufficient. *Utile per inutile non vitiatur.*

The judgment of the City Court is reversed, and a judgment here rendered quashing the execution.

Reversed and rendered.