# Griffin v. Ogletree.

*Action for Breach of Contract.*

114  343
128  191
128  231

1. *Written contract; not invalid because inartificially drawn, if its
meaning can be understood.*—A written contract, though not prepared
with skill, but which when carefully read and considered as a whole

can be plainly understood, and its uncertainties are such that they can be rendered certain by averment and proof, is not invalid, but binding upon the parties; and either of them can maintain an action for its breach.

2. *Same; construction, when no time of performance specified.*— When no time of performance is fixed in a contract, it will be presumed that the parties intended a performance within a reasonable time, and what is a reasonable time will be determined by the nature and extent of the undertaking and the particular circumstances surrounding the parties when the contract was entered into, all of which may be shown by evidence of such facts as may throw light upon the subject.

3. *Same; measure of damages in action for breach.*—In an action for the breach of a contract, wherein the defendant agrees to deliver logs along plaintiff's tram-way, and pay a fixed sum for hauling them to a certain place, the measure of damages for failure to deliver as stipulated is the excess of the contract price for hauling over the actual cost thereof.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. GEORGE E. BREWER.

This action was brought by the appellant, J. T. Griffin, against the appellee, T. E. Ogletree, to recover damages for the breach of a contract.

The complaint as originally filed was as follows: "The plaintiff claims of the defendant $2,000, for an agreement entered into by him on the 18th day of May, 1891, in substance as follows: 'This agreement entered into, this the 18th day of May, 1891, between T. E. Ogletree and J. T. Griffin, whereas the said T. E. Ogletree agrees to cut and deliver all of the J. A. McDonald and J. K. Elliott timber on the said J. T. Griffin's tram-road, and pay the said J. T. Griffin $1.50 per thousand for all logs twenty-four feet and under, and $1.75 for all logs thirty-six feet and down to twenty-four feet; whereas the said J. T. Griffin agrees to run his tram to or near a field known as the Henry Wood field, on J. A. McDonald's place, and haul logs from any point on said tram-road to T. M. Hightower's saw mill, all the above is in Talladega county, Alabama. [Signed.] T. E. Ogletree, J. T. Griffin.'

"And the plaintiff says that although he has complied with all the provisions on his part, the defendant has failed to comply with the following provisions thereof: He has failed to cut and deliver all the J. A. McDonald and J. K. Elliott timber on the said J. T. Griffin's tram-

road, and has failed to pay the said J. T. Griffin $1.50 per thousand feet for all logs 24 feet and under, and $1.75 per thousand feet for all logs 36 feet down to 24 feet.

"And the plaintiff claims of the defendant, the further sum of $2,000 for the breach of an agreement entered into by him, on, towit, the 18th day of May, 1891, in substance, as follows : The defendant agreed to cut all of the J. A. McDonald and J. K. Elliott timber, and deliver the same on the said J. T. Griffin's tram-road, and to pay the said J. T. Griffin $1.50 per thousand feet for all logs hauled 24 feet and under in length, and $1.75 per thousand feet for all logs hauled and delivered, between 24 and 36 feet in length; in con-- sideration of which, plaintiff agreed to build his tram road to or near the field known as the Henry Wood field on J. A. McDonald's place, and to haul logs from any point on said tram-road to T. M. Hightower's saw mill in Talladega county, Alabama. And plaintiff says that although he has complied with all its provisions, on his part, the defendant has failed to comply with the following provisions thereof, to wit: He has failed to cut all of the J. A. McDonald and J. K. Elliott timber and deliver the same on plaintiff's tram-road, and has failed to pay plaintiff $1.50 per thousand feet for all logs 24 feet and under, and $1.75 per thousand feet for all logs between 24 and 36 feet in length ; hence this suit."

The defendant demurred to the complaint upon the following grounds : "1st. That the alleged contract set up in said complaint is void for uncertainty, in that no time is specified when the same or any part thereof was to be performed. 2d. That the contract sued on was merely an agreement to haul logs at a certain price, and it is not shown that plaintiff suffered damage by the failure of the defendant to furnish additional logs. 3d. That no damage or injury is averred in the complaint. 4th. That it is not averred in the complaint how much of the McDonald and Elliott timber the defendant failed to cut. 5th. The contract was wanting in mutuality. 6th. That under the contract mentioned in said complaint, plaintiff was not bound to haul any certain amount of logs, or to haul all the logs delivered by the defendant on said tram-road at the prices in said contract specified, nor haul all the logs cut and delivered by

the defendant on such tram-road off of the J. A. McDonald timber and the J. K. Elliott timber, or to haul logs so delivered on said tram-road during any certain period of time."

The court sustained this demurrer, and the plaintiff thereupon amended each count of the complaint by averring therein that the defendant has failed and refused within a reasonable time after the completion of said tram-road to the Henry Wood field, to cut and deliver all of the J. A. McDonald and J. K. Elliott timber, &c. Each count of the complaint was also amended by adding after the last sentence, as originally filed, the following averments: "Plaintiff avers that the erection and completion of said tram-road to the Henry Wood field cost plaintiff a large sum of money, to wit, five hundred dollars, and there was a large profit to the plaintiff in hauling said logs at the price specified in said contract, towit, one dollar per thousand feet for all logs so hauled, and plaintiff avers that there was a large quantity of trees on said Elliott place towit, three million feet." ·

To the complaint as amended, the defendant demurred, reassigning the grounds of demurrer interposed to the original complaint and the following additional grounds: "7. For that defendant could not have recovered against plaintiff for any breach of the contract in said complaint set out, and defendant could not have have recovered any damages against plaintiff and said agreement was wanting in mutuality. 8. For that said contract in said complaint set out is void for uncertainty as to the time during which plaintiff was to haul logs, and plaintiff only agreed to haul logs. And it is not stipulated therein as to how long plaintiff was to haul logs, or to haul logs to Hightower's mills, and said contract imposed no obligation on said plaintiff capable of enforcement. 9. No obligation was imposed upon plaintiff by said contract capable of enforcement by defendant, or for which defendant could maintain any action against plaintiff. 10. Plaintiff was not bound under such contract to haul all the J. A. McDonald and J. K. Elliott timber, and the contract is wanting in mutuality. 11. The averment that plaintiff could have made a large profit is a conclusion of the pleader. 12. For that the complaint fails to show any damages

suffered by plaintiff, and the complaint shows no injury entitling plaintiff to a recovery of damages."

The court sustained the demurrer to the complaint as amended, and the plaintiff declining to plead further, judgment was rendered in favor of the defendant. From this judgment the plaintiff appeals, and assigns as error the rulings of the court in sustaining the demurrers interposed to the original and amended complaint.

KNOX, BOWIE & DIXON, for appellant.—1. A complaint in the form prescribed by the Code is as sufficient as if it formally averred every fact necessary to a recovery.— *Pool v. Minge,* 50 Ala. 100 ; *Crimm v. Crawford,* 29 Ala. 623 ; *Pickens v. Oliver,* 29 Ala. 528 ; *Chickering v. Bromberg,* 52 Ala. 528 ; *Brooklyn L. Ins. Co. v. Bledsoe,* 52 Ala. 538.

2. When an instrument has been inartificially drawn, and contains no marks of punctuation, the rules of proper construction authorize these to be supplied, so as to best effectuate the intention of the parties.—*Seay v. McCormick,* 68 Ala. 549. If a contract is deliberately made, without fraud, and with full knowledge of all the facts, the least consideration will be sufficient to support it.—*Maull v. Vaughn,* 45 Ala. 134 ; 3 Brick. Dig., 143, § 17.

3. If a contract is silent as to the time of performance, the law presumes that performance must be had in a reasonable time. So, if there is a contract for the sale of goods, and no time is provided for delivery, the law adds that delivery must be made within a reasonable time. Whatever consequent and incident is, in common sense, appurtenant to its terms, the parties must have understood and intended should be attached.— *Cotton v. Cotton,* 75 Ala. 345 ; *Pierce v. Tenn. C., I. & R. R. Co.,* 110 Ala. 533.

4. In the construction of a contract in writing, the whole instrument must be considered ; all its parts must, if possible, be so construed as to give each effect and validity.—*Comer v. Bankhead,* 70 Ala. 136 ; 2 Parsons on Contracts, 13-16.

WHITSON & GRAMAM, *contra.*—1. The only possible consideration to uphold a contract is mutual promises. A promise may be a good consideration for a promise ;

[Griffin v. Ogletree.]

but to be so, there must be an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement. "The promise to constitute a consideration for each other must be concurrent or become obligatory at the same time; otherwise each will be without consideration at the time it is made.—Clark on Contracts, p. 166; *Erwin v. Erwin*, 25 Ala. 236; *Bank v. Steele*, 10 Ala. 926; *Chambliss v. South*, 30 Ala. 370; *James v. Stiggins*, 13 Ala. 835; *Union Ref. Co. v. Barton*, 77 Ala. 148; 1 Parsons on Contracts, 448.

2. A contract so uncertain in its terms and in which neither the thing to be done, the amount of the service to be performed, nor time within which it is to be performed, is stipulated, is void for uncertainty; and the courts can not supply these essentials, where the contract is silent.—*Erwin v. Erwin*, 25 Ala. 236; *Adams v. Adams*, 26 Ala. 272; *Moore v. Smith*, 19 Ala. 774; *Gafford v. Proskauer*, 59 Ala. 264; *Howard v. E. T., V. & G. R. R. Co.*, 91 Ala. 269; *Robinson v. Bullock*, 58 Ala. 621; *Christian & Craft Grocery Co. v. Bienville Water Supply Co.*, 106 Ala. 124.

3. Probable profits, or profits that might have been made, or possible profits, being dependent on so many contingencies, are too remote, and are not recoverable, being what is termed speculative damages.—*Brigham v. Carlisle*, 78 Ala. 248; *Union Ref. Co. v. Barton*, 77 Ala. 148; *Pollock v. Gantt*, 69 Ala. 377, and authorities cited; *Harper v. Weeks*, 89 Ala. 578. Special damages must be averred with particularity and must be claimed; none are claimed in this complaint save by conclusions, that were demurred to.—*Pollock v. Gantt*, 69 Ala. 577; *Cain Lumber Co. v. Standard Dry Kiln Co.*, 108 Ala. 346.

HEAD, J.—The written agreement, the breach of which is declared on, was not prepared with skill, but carefully read, and considered as a whole, its meaning seems plain. The uncertainties in it are such as may be rendered certain by averment and proof.

Its substance is, that appellant, Griffin, agreed with appellee, Ogletree, to run a tram-road to or near a field, known as the Henry Wood field, on J. A. McDonald's place, in Talladega county; Ogletree agreed to cut all of the J. A. McDonald and J. K. Elliott timber and deliver

it on said tram-road, at any point thereon, at his selection, and Griffin agreed to haul the timber from such point or points of delivery to T. M. Hightower's sawmill, for which Ogletree agreed to pay Griffin $1.50 per thousand for all logs twenty-four feet and under, and $1.75 for all logs thirty-six feet and down to twenty-four. There is not, we think, such uncertainty as appellee contends for, in Griffin's stipulation to haul logs. The several stipulations, read together, render certain that he agreed to haul the same logs which Ogletree agreed to cut and deliver, which were "all the J. A. McDonald and J. F. Elliott timber." No time was stipulated within which the contract was to be executed. In such case, the rule is that the parties will be presumed to have intended performance within a reasonable time. What was a reasonable time will be determined upon a consideration of the nature and extent of the undertaking and the particular circumstances surrounding the parties when the contract was entered into, all of which may be shown by evidence of such facts as may shed light upon the subject.

It is obvious from what has been said, that the contract is valid on its face, and its breach by either party actionable at the suit of the other.

The plaintiff, establishing the breach alleged, would be entitled to recover nominal damages at least, and such substantial damages as he might show he had sustained by reason of the breach. The excess of the contract price of hauling over the actual cost thereof, if any, would constitute substantial damages recoverable under the allegations of the several counts of the complaint.

The complaint was not subject to any of the grounds of demurrer assigned to it, and the court erred in sustaining the demurrer.

Reversed and remanded.