CHESHIRE BEEF Co. *v.* GEORGE C. THRALL.

January Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed August 31, 1899.

*Limited guaranty*—A guaranty of goods to be purchased in the future to the amount of $700, when the language used is equally applicable to a limited and to a continuing guaranty, will be construed to be the former, and the guarantor's liability will be confined to the first seven hundred dollars' worth of goods thereafter purchased.

*Guaranty—Rule of construction*—A guarantor without valuable consideration should not be subjected to an increased liability by legal implication, and to give a guaranty a continuing effect, the language employed should be sufficient to indicate it.

ASSUMPSIT on a guaranty. Plea, general issue with notice. Trial by court. Rutland County, March Term, 1898, *Start*, J., presiding. Judgment for defendant. Plaintiff excepted.

Prior to October 31, 1895, the plaintiff had sold beef to one Judson H. Grant. On that day the plaintiff and Grant settled, and their accounts were closed and paid up to that date, and thereupon the defendant executed and delivered to the plaintiff the following writing:

Rutland, Vt., October 31, 1895.

This is to certify that I, George C. Thrall, of Rutland, Vt., will be responsible to. the amount of $700.00 to the Cheshire Beef Co., for goods purchased by Judson H. Grant of Rutland, Vt. In case of failure of said Grant to meet this obligation, I guarantee its payment.

Geo. C. Thrall,
Surety.

On the same day the plaintiff sold and delivered to Grant a bill of beef amounting to the sum of $404.66. Between said last named date and January 28, 1896, the plaintiff sold and delivered to Grant beef to the amount of $3212.05, and between said dates Grant paid to the plaintiff $2528.23, at different times and in different sums. On said 28th day of January, 1896, there was due the plaintiff for beef thus sold and delivered to Grant, $683.82, which sum remained unpaid at the time of the trial.

The beef in question was sold and delivered to Grant, by the plaintiff, on the strength of the defendant's guaranty.

*Butler & Maloney* for the plaintiff.

*Joel C. Baker* for the defendant.

MUNSON, J. The defendant agreed in writing to be responsible to the plaintiff as a guarantor "to the amount of $700," "for goods purchased by Judson H. Grant." The question raised is whether this was a limited or a continuing guaranty. The circumstances connected with the giving of the guaranty plainly require that the words " goods purchased " be given a future significance. The language thus construed is equally applicable to both kinds of guaranty. We find nothing in the case that affords further aid in determining what was intended. There has been no practical construction by the parties, such as was considered controlling in *Michigan State Bank* v. *Peck*, 28 Vt. 200. It thus becomes necessary to determine what rule of construction shall prevail when the language is ambiguous, and the

circumstances afford no basis for a fair presumption as to the mutual understanding of the parties.

It is said by some authorities that the contract of guaranty should be construed liberally in favor of its purpose ; that the words used should be taken as strongly against the guarantor as their sense will permit ; and that if one intends to be surety only for a single dealing he should be careful to say so. It is said by other authorities that the scope of a guaranty should be restricted to the plain and obvious import of its language ; that a mere surety should not be held to pay the debt of another by any forced construction ; and that in a doubtful case the presumption should be against the construction that the guaranty is continuing. It is said by some that the courts seem inclined to favor an extension of the liability in cases of doubt, while others say that the decided weight of authority is in favor of the restrictive rule. We are not aware that this court has passed upon the matter ; although an expression of Judge Bennett in *Noyes* v. *Nichols*, 28 Vt. 159, has led a text-writer to infer that it favored the view first stated. But we think it is the more reasonable conclusion that one who becomes a guarantor without valuable consideration should not be subjected to an increased liability by legal implication, and that the burden should be upon the one who desires a continuing guaranty to see that the language employed is sufficient to indicate it. We hold that the defendant's liability was limited to the first seven hundred dollars. worth of goods purchased.

*Judgment affirmed.*