## FOGEL *v.* BLITZ.

GUARANTY—CONSTRUCTION—DISCHARGE.

Defendant gave plaintiff a writing in which he guaranteed "the value of a consignment stock of watches and jewelry" that plaintiff might ship to a certain company, "to the extent of $1,000; said stock to be on *memoranda* for a period of no less than six months, and all reorders from said stock to be accompanied and paid for in cash. At the end of this period, or any renewal or extension thereof, the goods unsold can be returned." Plaintiff sent the company five shipments, but a few days apart, aggregating $1,712, for which the company paid $550, and returned goods valued at $802. *Held,* that the guaranty covered only a single consignment of goods, not exceeding $1,000 in value, and that defendant's liability, if ever existing, ended when that amount was paid for or returned.

Error to Wayne; Waite, J. Submitted October 8, 1901. Decided October 22, 1901.

*Assumpsit* by Robert R. Fogel against Louis Blitz on a contract of guaranty. From a judgment for plaintiff, defendant brings error. Reversed.

*Moore & Moore,* for appellant.

*Anderson & Rackham,* for appellee.

LONG, J. It appears that on December 3, 1894, defendant wrote a letter to the plaintiff in which he guaranteed "the value of a consignment stock of watches, jewelry, etc., that you may ship to and place with the S. S. Blitz Jewelry Company, of Denver, Colorado, to the extent of $1,000; said stock to be on *memoranda* for a period of no less than six months, and all reorders from said stock to be accompanied and paid for in cash. At the end of this period, or any renewal or extension thereof, the goods unsold can be returned. * * * I further agree to

become surety for all direct purchases made by the S. S. Blitz Jewelry Company of you to the extent of $500." The last clause as to purchases is here immaterial, as no direct purchases were made. Plaintiff shipped goods on consignment as follows:

| | |
|---|---:|
| December 5, 1894 | $401 44 |
| December 6, 1894 | 598 11 |
| December 7, 1894 | 606 73 |
| December 13, 1894 | 32 40 |
| December 20, 1894 | 73 77 |
| | $1,712 45 |

The jewelry company received these goods, paid $550 in cash on account of what it had sold, and returned to the plaintiff goods of the value of $802.32; making the total paid for and returned $1,352.32. The plaintiff brought suit against the jewelry company, claiming it had failed to pay for or return $558.88, and recovered judgment. This judgment not having been paid, this suit was brought against the defendant on the guaranty. The court made written findings as follows:

"It is conceded that there were no direct purchases made by the S. S. Blitz Jewelry Company, so the only question arises upon the $1,000 guaranty, which I hold to have been a guaranty of the consignment stock of watches, jewelry, etc. It seems that under this arrangement some $1,712.45 worth of goods was shipped to the Blitz Jewelry Company. From time to time there was returned to plaintiff $657.16 worth, which plaintiff checked over and received back. Goods not returned amounted to $1,055.29. There was paid in cash $550, and their claim now is for the balance, $402.62. Defendant claims that he should have had credit for the goods and money returned to plaintiff, and thus have been discharged from his guaranty of $1,000. I do not think a fair construction of the contract warrants that position. The contract evidently contemplates that the purchaser, after looking over the goods, shall return certain of them, and it is significant in that it provides that all reorders from said stock to be accompanied and paid for in cash. Hence it is inconsistent, it seems to me, to hold that any part of those returned

was intended to be included in the $1,000 guaranty, it being an entire transaction. The inference is irresistible from the facts submitted that it was intended that the defendant in this case should be responsible up to $1,000 for the goods not returned or paid for. Hence the plaintiff is entitled to a judgment for $402.62, with interest."

The contentions of counsel for defendant are:

1. That the Louis Blitz letter does not guarantee that the entire consignment stock, or any of it, will be either paid for or returned.

2. That the $1,000 is a limitation of the amount of goods to be consigned; that that limitation was exceeded, and the defendant never became liable at all.

3. That, if the defendant ever was liable, that liability has ceased by payment in cash and returned goods of more than $1,000, to wit, $1,352.32.

We need not discuss the first two contentions, as the third must dispose of the case. The guaranty was for a stock of goods to the extent of $1,000; all reorders to be paid for in cash. This shows conclusively that only one consignment was contemplated, and that, to wit, was limited to $1,000. The plaintiff shipped $1,000 worth and more, and the jewelry company has paid for and returned $1,000 worth and more, to wit, $1,352.32. The liability of the defendant, therefore, if any ever existed under the guaranty, has now ceased. The letter refers to a single consignment, and expressly provides that all reorders shall be paid for in cash. In *Gard* v. *Stevens*, 12 Mich. 292 (86 Am. Dec. 52), the guaranty was:

"If you will let the bearer have what leather he wants, and charge the same to himself, I will see that you have your pay in a reasonable length of time."

The plaintiff permitted the principal to purchase additional leather from time to time. The principal failed to pay, and suit was brought against the guarantor. The court held that the guaranty referred to a single transaction, and covered only the first order.

In the present case the quantity of goods was limited in two ways: (1) It was to be a consignment stock. There

was no provision that it might be shipped from time to time, nor was there any language used that indicated that the consignment stock was to be kept up. On the contrary, all reorders were to be for cash. (2) The $1,000 fixed a limit as to the quantity or value of the goods to be sent. The $1,000 was as much a description or limitation as the single consignment.

The judgment must be reversed, and no new trial awarded.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.