(95 South. 495)

## Ex parte WHITE et al.

## WHITE et al. v. MORRING. (8 Div. 525.)

(Supreme Court of Alabama. Feb. 1, 1923.)

**Detinue** ⊂⟩15—**Bond failing to call for delivery of property to plaintiff held insufficient.**

Where a replevin bond did not contain the condition for a delivery of the property to plaintiff, the language merely being "deliver the property replevied," the bond was insufficient, under Code 1907, § 3778, providing as one of the conditions that the property be delivered to the plaintiff.

Thomas and Miller JJ., dissenting.

Certiorari to Court of Appeals.

Petition of L. C. White and others for certiorari to the Court of Appeals, to review and revise the judgment and decision of said court in the case of L. C. White et al. v. G. T. Morring, 95 South. 494. Writ awarded; reversed and remanded.

R. E. Smith, of Huntsville, for petitioners.

No brief reached the Reporter.

Cooper & Cooper, of Huntsville, opposed.

No brief reached the Reporter.

GARDNER, J. Petition for writ of certiorari to review the ruling of the Court of Appeals in the case of L. C. White et al. v. Morring, 95 South. 494, involving the action of the court below in overruling the motion of these petitioners to quash the execution issued on the forfeited replevy bond in a detinue suit. The bond appears in full in the opinion of the Court of Appeals, and need not be here reproduced. That court held the bond sufficient as a statutory obligation, and that is the question of importance upon this application.

The bond did not contain the condition for a delivery of the property to the plaintiff, the language merely being "deliver the prop-

erty replevied." The Court of Appeals upon this question holds that "the entire obligation was to G. T. Morring, the plaintiff, and to him the delivery is required," and that therefore the bond sufficiently meets the statutory requirements. The statute (section 3778 of the Code of 1907) provides, as one of the conditions of the bond, that the property be delivered to the plaintiff.

In Traweek v. Heard, 97 Ala. 715, 12 South. 166, the bond failed to contain the condition "and pay all costs and damages which may accrue from the detention thereof." Speaking of this omission, the court said:

"This was a defect in the bond which deprived it of its statutory capacity. Such bonds to be statutory must follow strictly the substance, and it would be well, in practice, always, the letter of the statute, and not contain conditions other or fewer than the statute requires."

See, also, in this connection Harrison v. Hamner, 99 Ala. 603, 12 South. 917.

We do not think that, from the mere fact the bond was made payable to the plaintiff, the condition for delivery of the property to the plaintiff is necessarily implied. Had the bond (by way of illustration) been conditioned for a delivery to the sheriff of the property, its insufficiency as a statutory bond could not be questioned.

In the instant case the person to whom the property is to be delivered is omitted, and the court is not at liberty to supply this fatal omission. Such a statutory bond, properly returned forfeited as provided by statute, has, by virtue of section 3783 of the Code, "the force and effect of a judgment," and this fact doubtless had influence in the former decision of this court, holding that such bonds should "follow strictly the substance * * * of the statute." That this was a vital part of the condition of the bond cannot be questioned. Its omission, therefore, is a defect in the bond, depriving it of its statutory capacity, as it clearly does not follow strictly the substance of the statute. It is conceded that the bond is good as a common-law obligation; but we are persuaded that it is insufficient as a statutory bond, and that the Court of Appeals erred in so holding.

The writ of certiorari will be awarded, and the judgment of the Court of Appeals reversed, and the cause remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur.

THOMAS and MILLER, JJ., dissent.

---

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes