# RUTHTON CO-OPERATIVE CREAMERY COMPANY v. RUTHTON STATE BANK AND OTHERS.[1]

December 30, 1927.

No. 26,395.

**Agreement of sureties on depository bond construed.**

1. A bond containing an agreement that the obligee will deposit all money received by it with the obligor bank for a period of one year from a given date, and that the bank will honor all checks on the obligee's account, subject to credit balances which the obligee may have from time to time, *held* to secure only the deposits so made during the year therein specified, and to terminate whenever such deposits are fully repaid.

The bond *held* not to be ambiguous as to the subject or obligation secured, and *held* not to secure deposits made in the bank after the expiration of the year therein specified.

**Exclusion of evidence proper—findings of fact not sustained.**

2. There was no error in excluding evidence offered by defendants to explain the meaning of the bond.

Certain findings of fact *held* not sustained by the evidence.

Bonds, 9 C. J. p. 31 n. 32; p. 40 n. 64.
Evidence, 22 C. J. p. 1097 n. 89; p. 1177 n. 49.

See 4 R. C. L. 57; 1 R. C. L. Supp. 1047.

Action in the district court for Pipestone county to recover of the sureties on a depository bond given by them to secure the deposits of the plaintiff. There were findings for the plaintiff, and the defendant sureties appealed from an order, Nelson, J. denying their motion for a new trial. Reversed with directions.

*C. T. & C. B. Howard,* for appellants.
*Charles Dealy,* for respondent.

[1] Reported in 217 N. W. 133.

OLSEN, C.

Appeal by defendants W. T. Nicholson, S. Bertelsen, O. B. Johnson and E. W. Davies from an order denying their motion for a new trial.

The brief facts are, that on March 3, 1924, the defendant Ruthton State Bank, as principal, and these appellants, as sureties, gave to the plaintiff a bond to secure deposits of money to be made by plaintiff in defendant bank. The plaintiff was organized as a corporation in the fall of the year 1922. It appears to have succeeded to and taken over the business of a prior organization of the same name. The defendant bank had carried the bank account of the prior organization and continued to carry the account of plaintiff. The old organization had for two or three years before the organization of plaintiff taken each year a bond from the bank to secure deposits. It held such a bond for 1922. No new bond was given at the time plaintiff took over the business, but in February or March, 1923, the plaintiff took from the bank a bond to secure deposits. That bond was considered to expire or to have expired in March, 1924. Plaintiff then asked for a new bond, and the bond now sued upon was then given and the old bond surrendered. On March 19, 1925, plaintiff had on deposit in this bank a balance of $3,895.47. Plaintiff continued to deposit money in and check out money from defendant bank until April 16, 1925. After March 19 and up to April 16, 1925, it checked out more than the balance of $3,895.47 it had in the bank on March 19, but it made further deposits therein so that on April 16 it had on deposit a balance of $9,934.72. On April 16, 1925, the bank failed and was taken over by the commissioner of banks. Plaintiff filed its claim for the amount stated and has received dividends thereon amounting to 50 per cent, leaving a balance of $4,967 unpaid, which amount, with interest thereon, it seeks to recover in this action. The trial court found for plaintiff.

1. The bond is in the sum of $20,000 and the condition thereof reads as follows:

"The condition of the above obligation is such, that, the Ruthton Co-operative Creamery Company of Ruthton, Minnesota, agree to deposit all moneys received by them with the Ruthton State Bank, Ruthton, Minnesota, for a period of one year from the 19th day of March, 1924, and that the Ruthton State Bank will honor all checks drawn on its account by the Ruthton Co-operative Creamery Company's authorized officers, subject to credit balances which they may have from time to time. And when said Ruthton State Bank has complied with the requirements mentioned then the above obligation to be void, otherwise to remain in full force and virtue."

Plaintiff claims the bond secured deposits made after as well as before March 19, 1925; appellants claim it secured deposits made from March 19, 1924, to and including March 19, 1925, only, and that, as all deposits made up to March 19, 1925, had been checked out, there was no further liability on the bond.

Two questions present themselves: First, was the bond ambiguous, so that extrinsic evidence was admissible to show the true intent and meaning?; second, if ambiguous, does the evidence presented sustain the findings of the court that the bond was intended to and meant to cover deposits made after March 19, 1925, and can the bonds be so construed? Plaintiff's theory was that the bond is not ambiguous, but by its terms covers deposits made after as well as prior to March 19, 1925, and that the evidence of extrinsic facts was not admissible to show any different meaning or intent. Appellants' theory was that, if not ambiguous, the bond by its terms does not cover such deposits after that date and, if ambiguous, the extrinsic evidence shows that it was not intended to and does not mean to cover such deposits, and that the court erred in excluding certain evidence offered for the purpose of explaining the meaning of the bond.

Plaintiff cites the rule stated in 28 C. J. 960, that:

"Where the guaranty contains a limitation as to the amount for which the guarantor will be bound, but contains no limitation as to time, and there is nothing in the circumstances surrounding the execution of the contract to evince a contrary intention, it will, in

general, be construed to be a continuing guaranty and operative without limitation, except as to the amount of liability, until revoked."

The correctness of the rule may be conceded. It is equally true and perhaps self-evident, that if a bond or guaranty secures a specified debt or obligation, or a specified form of indebtedness, the sureties are not liable on any other or different debt or obligation. For instance, it could not be claimed that this bond secured any obligation except indebtedness upon plaintiff's account in the bank. That of course is all that plaintiff claims. Turning then to the condition of the bond to ascertain what obligation is secured thereby, we find therein an agreement by the plaintiff, the obligee in the bond, to deposit in the bank all money received by it for a period of one year from the 19th day of March, 1924. By acceptance of the bond, the plaintiff entered into this contract. In effect, the bond contains the contract which it is given to secure. This would seem to be a clear limitation as to the time within which deposits were to be made for which the sureties would be liable, as well as a specification of the particular debt or obligation for which liability was assumed. The bond uses general language as to honoring checks to the extent of balances, but the prior specifications as to what deposits are to be made cannot be disregarded and does not conflict with the obligation to honor checks. There could and should properly be no definite time set when the liability would cease, because funds deposited during the year might reasonably remain in the bank for a considerable time thereafter and the bond would secure these deposits until all deposits made during that year had been repaid.

A bond is a contract and is to be construed according to the fair import of the language used. In the absence of fraud or mistake, and where the meaning of its terms is clear and free from doubt, no construction will be permitted to vary or qualify such terms. Orion Knitting Mills v. U. S. F. & G. Co. 137 N. C. 565, 50 S. E. 304, 70 L. R. A. 167, 2 Ann. Cas. 888, and note, p. 891; Ball v. Benjamin, 56 Ill. 105; Brumby v. Barnard, 60 Ga. 292; 4 R. C. L. 57.

"As against sureties no implications are to be made in giving construction to the terms of a bond not clearly embraced within the language used, for it is well settled that sureties are only chargeable according to the strict terms of the bond."

9 C. J. 32; Tomlinson v. Simpson, 33 Minn. 443, 23 N. W. 864; Cushing v. Cable, 48 Minn. 3, 50 N. W. 891; Union S. P. Co. v. Olson, 82 Minn. 187, 84 N. W. 756.

The obligation of a surety must not be extended to any other subject, to any other person, or to any other period of time than is expressed or necessarily included in his contract. This does not require a strained construction in favor of the sureties, and written language has the same significance and its meaning is to be ascertained by the same rules in a contract of surety as in other agreements. 21 R. C. L. 977, 978; Sherman v. Mulloy, 174 Mass. 41, 54 N. E. 345, 75 A. S. R. 286; Campbell Banking Co. v. Worman, 99 Iowa, 671, 68 N. W. 912; Fogel v. Blitz, 128 Mich. 503, 87 N. W. 640; Cheshire Beef Co. v. Thrall, 72 Vt. 9, 47 A. 162; First Nat. Bank v. Bickel, 154 Ky. 8, 156 S. W. 859; Merchants & Farmers Bank v. Calmes, 82 Miss. 603, 35 So. 161.

Reading and considering all the language of the bond here in question, the subject or obligation to be secured is quite clearly pointed out, and is the money to be deposited by the plaintiff in the defendant bank for a period of one year from the 19th day of March, 1924. The sureties therefore were not bound for any deposits made in the bank after March 19, 1925, and, all deposits made prior to that date having been repaid, their liability was ended.

2. Finding that the language in this bond is not ambiguous, the assigned errors in excluding evidence as to explanatory facts need no consideration.

Errors are assigned as to the findings of fact numbered 3, 4, 5, 6 and 7, and as to the conclusions of law made by the trial court. Findings numbered 3 and 4 and parts of findings numbered 5, 6 and 7 are not sustained by the evidence.

No useful purpose could be served by a new trial. The case is remanded to the district court with directions to strike out the

findings mentioned and the conclusions of law, and to make in place thereof findings, in substance, that the bond in question secured the money deposits made by the plaintiff in the defendant bank during the period of one year from March 19, 1924, only; that all deposits so made had been fully paid and the liability of these appellants on said bond had ended; and, as conclusions of law, that the plaintiff is not entitled to recover from these appellants and takes nothing as against them by this action.

Reversed and remanded with directions.