(127 So. 905)

RAINS et al. v. ETHRIDGE–ATKINS
MOTOR CO.

7 Div. 942.

Supreme Court of Alabama.
April 17, 1930.

E. O. McCord & Son, of Gadsden, for appellants.

Hugh Reed, of Center, for appellee.

BROWN, J.

This action is by the appellee against the appellants for the breach of the conditions of a replevy bond executed by the appellant Rains as principal, with the other appellants as his sureties, and payable to the plaintiff, under which Rains retained the possession of a Ford automobile, which had been seized by the sheriff of Cherokee county, under a writ of detinue, issued ·in a suit by the plaintiff against Rains, brought for the recovery of the automobile, and damages for its wrongful detention.

The conditions of the bond are: "Now, therefore, * * * if the said Gus Rains, Constable Beat 6, shall well and truly, within thirty days after the determination of said suit, if the said Gus Rains, Constable Beat 6, be cast in said suit, deliver the property replevied, and also pay all costs and such damages for detention as may accrue from said detention, then this obligation to be void; otherwise to remain in full force and effect."

. In Ex parte White et al. (White et al. v. Morring), 209 Ala. 95, 95 So. 495, 496, a proceeding to supersede and quash an execution issued on a forfeited bond, it was ruled that a bond in that case, in substance the same as the bond here involved, was insufficient as a statutory bond, and would not support the issuance of an execution, and in the course of the opinion it was observed: "We do not think

162

that, from the mere fact the bond was made payable to the plaintiff, the condition for delivery of the property to the plaintiff is necessarily implied. Had the bond (by way of illustration) been conditioned for a delivery to the sheriff of the property, its insufficiency as a statutory bond could not be questioned.

"In the instant case the person to whom the property is to be delivered is omitted, and the court is not at liberty to supply this fatal omission. Such a statutory 'bond, properly returned forfeited as provided by statute, has, by virtue of section 3783 of the Code, 'the force and effect of a judgment,' and this fact doubtless had influence in the former decision of this court, holding that such bonds should 'follow strictly the substance * * * of the statute.' That this was a vital part of the condition of the bond cannot be questioned. Its omission, therefore, is a defect in the bond, depriving it of its statutory capacity, as it clearly does not follow strictly the substance of the statute."

When these utterances are construed in connection with the question presented and decided, all that they mean is that applying the rule of strict construction, none of the necessary essentials of a statutory bond will be supplied by intendment. 9 C. J. 32, § 51.

While the rule as to common-law bonds is that they should "be so construed, if possible, as to give force and effect and meaning to all the words and clauses used in the bond, and so as best to effect and carry into reasonable operation the reasonable intention of the parties." Taliaferro v. Brown, 11 Ala. 702; Whitsett v. Womack, use, etc., 8 Ala. 466; Planters' & Merchants' Bank of Huntsville v. William G. Hill et al., 1 Stew. (Ala.) 201, 18 Am. Dec. 39; Loeb et al. v. City of Montgomery, 7 Ala. App. 325, 61 So. 642; 9 C. J. §§ 52, 33.

■ The bond pleaded is good as a common-law bond, and, applying the rule of liberal construction, it clearly imports an obligation on the part of Rains and his sureties to deliver the property to the plaintiff within thirty days after the termination of the detinue suit in a judgment for the plaintiff, and to pay all costs and such damages as had resulted from the tortuous detention of the property by Rains. Heard v. Hicks et al., 101 Ala. 102, 13 So. 256; Harrison v. Hamner, 99 Ala. 603, 12 So. 917.

■ Though it be conceded that the complaint was demurrable in not alleging that the defendants failed to deliver the property to the plaintiff, still it sets out the bond in hæc verba and avers that the defendants breached the conditions of the bond in that "they failed to deliver the property replevied by them" within thirty days after such judgment, "and failed to pay plaintiff the damages accruing from the detention," and in this it states a substantial 'cause of action, and was not subject to the stated grounds of demurrer. Birmingham Railway, Light & Power Co. v. Donaldson, 14 Ala. App. 160, 68 So. 596; Bright et al. v. Wynn et al., 210 Ala. 194, 97 So. 689; Code 1923, § 9479.

The sixth and tenth assignments of error are without merit. In answer to the question, "Just tell what you did with it," the witness testified: "I think Capt. Savage came to me and said, 'I deliver this car to you.' It was a Ford roadster, I don't remember the number of the tags, but it was the car in question. We went down to Patty's garage and he said: 'I deliver this car to you for Hugh Reed, to deliver to him,' and then I went around to him—to Mr. Reed—and told him that Capt. Frank had called me to turn over to him the car, and he said he refused to accept it." This clearly answered the defendants' question, and he made no further inquiry as to the circumstances, other than to show by the evidence that this was within thirty days from the rendition of the judgment.

■ There was no objection or exception relative to the question made the basis of the tenth assignment of error, though the court did sustain plaintiff's objection to an answer indicating that the witness intended to relate a conversation between the witness and his attorney. This ruling was clearly correct; the conversation was res inter alios.

Moreover, this witness, the defendant Rains, had already testified that he did not deliver the car back to anybody after the rendition of the judgment.

■ Treating the evidence as going to show a tender of the property, it was in sharp conflict as to whether the tender was timely, and this was the only issue submitted by the court to the jury. Charges 1 and 2 were given without error.

■ The motion for new trial and the affidavit in support thereof show that the witness, whose evidence is referred to as "newly discovered," was the sheriff who testified as a witness in behalf of the defendants on the trial, and the failure of the defendants to develop all the material evidence within the knowledge of the witness during his examination, though it be material, cannot be made the basis of a new trial. Illinois Cent. R. Co. v. Johnston, 205 Ala. 1, 87 So. 866; Johnstone et al. v. O'Rear, 220 Ala. 219, 124 So. 743.

The record appears to be free from reversible error, and the judgment is due to be affirmed. It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.