141 So. 683

### WINKLE v. ANDERSON et al.

#### 8 Div. 381.

Supreme Court of Alabama.
March 17, 1932.

Rehearing Denied May 26, 1932.

W. H. Long, of Decatur, for appellant.

Lynne & Lynne, of Decatur, for appellees.

KNIGHT, J.

Plaintiff in this suit brought an action of detinue against Sam Anderson, in the circuit court of Morgan county, for the recovery of a Ford car, and by giving proper bond procured writ of seizure to issue, requiring the sheriff to take possession of the car. Under the writ the sheriff seized and took into his possession the property sued for. Thereafter the defendant in the suit, together with the appellees, as his sureties, executed and delivered to the sheriff what was intended for a replevy bond. For convenience we set out this bond:

"State of Alabama, Morgan County. Circuit Court.

"Know all men by these presents:—That we, Sam Anderson are held and firmly bound unto M. A. Winkle in the sum of four hundred dollars for the payment of which well and truly to be made, we bind ourselves and each of us, our and each of our heirs, executors, administrators and assigns, jointly and severally.

"Given under our hands and seals, this the ——— day of ——— A. D. 192—.

"The condition of the above obligation is such, that whereas, a writ of detinue issued by J. L. Draper clerk at the suit of said M. A. Winkle against the estate of the above bound Sam Anderson returnable for the sum of ——— dollars has been placed in the hands of B. E. Davis Sheriff by him has been levied upon the following property, to-wit: One Ford Touring Car, 1924 Model and whereas, the said property has been delivered to the said Sam Anderson on his entering into this bond.

"Now, if the said defendant shall fail in said suit or his securities shall return the specific property and above mentioned to the plaintiff within ——— days after judgment in said suit, then this obligation to be void, otherwise to remain in full force and effect."

The plaintiff recovered judgment against the defendant for the property sued for, or its alternate value, $100; also for the sum of $50 for the use of the property during its detention.

Defendant Sam Anderson failed to deliver the property to the plaintiff within thirty days after the rendition of judgment in the detinue suit, and the complainant avers "the sheriff of Morgan County indorsed the bond forfeited, and an execution was issued by the clerk of the court against the principal and sureties in said bond, and on the 31st day of May, 1930, James E. Horton, one of the judges of the 8th Judicial Circuit of Alabama, by proper order or decree, set aside the forfeiture on said bond and 'stayed' the execution issued thereon, because said bond was not a sufficient statutory detinue bond." Continuing, the complaint avers "said bond was not a sufficient statutory detinue bond, in this, that said bond was not conditioned that if the defendant is cast in the suit he will, within thirty days thereafter, deliver the property to the plaintiff, and pay all cost and damages which may accrue from the detention thereof, and (continuing the pleader says) as a proximate result thereof, the plaintiff was prevented from enforcing the forfeiture taken on said bond for the alternate value of the property sued for, together with the damages for the use thereof."

■ Of course, the bond was not such an undertaking as section 7389 (Code 1923) contemplated should be given by the defendant, in order to retain possession of the property. It was in no sense a statutory bond, and therefore the forfeiture indorsed thereon by the sheriff and the execution issued by the clerk pursuant thereto were properly set aside by the court. Adler v. Potter, 57 Ala. 571; Traweek v. Heard, 97 Ala. 715, 12 So. 166; Ex parte White et al., 209 Ala. 95, 95 So. 495; Harrison v. Hamner, 99 Ala. 603, 12 So. 917; Lunsford v. Richardson, 5 Ala. 618; Branch Bank v. Darrington, 14 Ala. 192; Russell v. Locke, 57 Ala. 420.

Was the bond a good common-law obligation? If so, will it support an action thereon against the obligors?

It will be noticed that the bond concludes with this sentence, "Now, if said defendant shall fail in said suit or his securities shall return the specific property and above mentioned to the plaintiff within —— days after judgment in said suit, then this obligation to be void, otherwise to remain in full force and effect."

It is insisted that this is neither a statutory nor a common-law bond; that it is a nullity; that as to the sureties, who are the appellees, it must be construed strictly according to the language employed, and "no implications are to be made in giving construction to the terms of a bond not clearly embraced within the language used."

The demurrer interposed to the complaint, which consists of a single count, we think sufficiently presents the question for review here. The court sustained the demurrer, and, on account of this adverse ruling of the court, the plaintiff suffered a nonsuit, and prosecutes this appeal.

■ In construing the bond, while we are required to take into consideration the language employed, we are also permitted to consider the circumstances surrounding the parties in executing the bond and the manifest purpose for which it was executed. A strained construction, either way, will not be justified, nor can we crucify the language used in order to impart validity to the obligation. In the case of Ruthton Co-Op. Creamery Co. v. Ruthton State Bank et al., 173 Minn. 255, 217 N. W. 133, 135 (which seems to be a well-considered case), we find the court there saying: "A bond is a contract, and is to be construed according to the fair import of the language used. In the absence of fraud or mistake, and where the meaning of its terms is clear and free from doubt, no construction will be permitted to vary or qualify such terms. Orion Knitting Mills v. U. S. F. & G. Co., 137 N. C. 565, 50 S. E. 304, 70 L. R. A. 167, 2 Ann. Cas. 888, and note, page 891; Ball v. Benjamin, 56 Ill. 105; Brumby v. Barnard, 60 Ga. 292; 4 R. C. L.

p. 57. 'As against sureties, no implications are to be made in giving construction to the terms of a bond not clearly embraced within the language used, for it is well settled that sureties are only chargeable according to the strict terms of the bond.' 9 C. J. 32; Tomlinson v. Simpson, 33 Minn. 443, 23 N. W. 864; Cushing v. Cable, 48 Minn. 3, 50 N. W. 891; Union S. P. Co. v. Olson, 82 Minn. 187, 84 N. W. 756."

While so holding, this same court in the same case makes this further pronouncement: "The obligations of a surety must not be extended to any other period of time than is expressed or necessarily included in his contract. This does not require a strained construction in favor of the sureties and written language has the same significance, and its meaning is to be ascertained by the same rules in a contract of a surety as in other agreements." 21 R. C. L. 977; Sherman v. Mulloy, 174 Mass. 41, 54 N. E. 345, 75 Am. St. Rep. 286; Campbell Banking Co. v. Worman, 99 Iowa, 671, 68 N. W. 912; Fogel v. Blitz, 128 Mich. 503, 87 N. W. 640; Cheshire Beef Co. v. Thrall, 72 Vt. 9, 47 A. 160, 162; First Nat. Bank of Louisville v. Bickel, 154 Ky. 8, 156 S. W. 859; Merchants' & Farmers' Bank v. Calmes, 82 Miss. 603, 35 So. 161.

■ In this case, the sheriff, obeying the plain mandate of the seizure writ, took the property into his possession. The defendant thereupon, in order to retain the property, executed the instrument sued on. The defendant knew the purpose for which the bond was required and given; the sureties must be held to have known what the bond, so given by them, was to accomplish. The law is administered upon the hypothesis that all men know the law, and the defendant and his sureties knew that the bond was being given for the purpose of securing the delivery of the property to the plaintiff in the event the defendant was cast in the suit. We must therefore construe the bond in the light of the circumstances of the case. It would do manifest violence to the intention of the parties, in view of the purposes of the bond, to hold that it should become void, in the event the defendant failed in his suit, or to hold that such was in contemplation of the parties.

In our own jurisdiction, Chief Justice Collier, in Whitsett v. Womack, 8 Ala. 466, which was a suit upon a bond, in discussing the question as to the proper construction of the obligation, said: "In Cromwell v. Grundale, 12 Mod. Rep. 194, it was held, that where the words of a bond are not sufficiently explicit, or where their meaning if construed literally would be nonsense, we must endeavor to discover the intent of the obligor, and be guided thereby. In giving a construction to a bond, the Court will look to the intention of the parties at the time it was executed, and ex-

pound it as the law then was. Union Bank v. Ridgely, 1 Har. & G. [Md.] 324. And the condition of the bond ought to be construed, by rejecting insensible words, as to fulfil the intent of the parties. Gully v. Gully, 1 Hawks [8 N. C.] 20. The Court may depart from the letter of the condition of a bond to carry into effect the intention of the parties. Cooke v. Graham, 3 Cranch. 229, 2 L. Ed. 420; Minor et al. v. The Mechanics' Bank of Alexandria, 1 Pet. 46, 7 L. Ed. 47.

In the recent case of Rains et al. v. Ethridge-Atkins Motor Co., 221 Ala. 160, 127 So. 905, 906, which involved the construction of a common-law bond, the court cited approvingly the case of Whitsett v. Womack, supra, and there held: "The rule as to common-law bonds is that they should 'be so construed, if possible, as to give force and effect and meaning to all the words and clauses used in the bond, and so as best to effect and carry into reasonable operation the reasonable intention of the parties.'" Taliaferro v. Brown, 11 Ala. 702; Whitsett v. Womack, 8 Ala. 466; Planters & Merchants Bank of Huntsville v. Hill et al., 1 Stew. (Ala.) 201; 9 C. J. §§ 52, 33.

In the defeasance clause of the bond, there appears the disjunctive conjunction "or," and it is by the use of this word, instead of the conjunctive conjunction "and," that the first confusion arises in the construction of the bond. This word tends to render the defeasance clause of the contract insensible, and the bond meaningless, whereas it was the real purpose of the contract to require the delivery of the property to plaintiff, in the event the defendant was cast in the suit. It is said in the case of Whitsett v. Womack, supra: "The condition of the bond ought to be so construed, by rejecting insensible words, as to fulfil the intent of the parties," and it is further held that: "The Court may depart from the letter of the condition of a bond, to carry into effect the intention of the parties."

We therefore hold that the word "or" should be disregarded or rejected in construing the bond sued on in this case.

The intent of the obligors evidently was to make themselves liable to plaintiff for defendant's failure to deliver the property, if defendant was cast in the suit, and not that they should be absolved from such liability if the defendant failed in the suit, which would be the case, if the word "or" was not rejected. To hold that there should be no recovery on the bond, if the defendant was cast in the suit, would be to convict the parties to the bond, as well as the sheriff, of the rankest absurdity.

It is insisted that the obligation cannot be enforced as a common-law obligation for the further reason that the time within which the property must be delivered is not stated. We are of the opinion this insistence cannot prevail. If no particular time is specified in the bond within which the property must be delivered, in order to satisfy the condition of the bond, then the parties are presumed to have intended performance within a reasonable time. In Cotton v. Cotton, 75 Ala. 345, it is held: "The rule of law is, that when a contract does not specify a particular time, or appoint the happening of a particular event, for performance, the presumption is the parties. intended performance within a reasonable time. What is a reasonable time, is sometimes a question of fact, and sometimes a question of law. When it depends upon facts extrinsic to the contract, which are matters of dispute, it is a question of fact; when it depends upon the construction of a contract in writing, or when it depends upon undisputed extrinsic facts, it is matter of law." And in Stark & Oldham Bros. Lbr. Co. v. Burford, 215 Ala. 68, 109 So. 148, 151, it is said: "What is a reasonable time 'depends materially upon the nature of the duty to be performed, the relations of the parties, and the peculiar circumstances of the particular case.'" Erswell v. Ford, 205 Ala. 494, 88 So. 429; Seaboard Air Line Ry. Co. v. Anniston Mfg. Co., 186 Ala. 281, 65 So. 187; Griffin v. Ogletree, 114 Ala. 343, 21 So. 488.

We are therefore at the conclusion that the obligation was not void as a common-law bond, for the reason that no specified period of time was fixed therein for performance. The parties will be presumed to have intended performance within a reasonable time. And we think that, in view of the act to be performed, section 7389 of the Code furnishes a guide and an analogy, and therefore in this case the defendant and sureties should have delivered the property to plaintiff within thirty days from the date of the judgment in the detinue suit. We hold, therefore, that the bond set out in plaintiff's complaint was a good and enforceable common-law bond, and the complaint was not subject to the demurrer, which proceeded upon the theory that the bond was void.

It follows, therefore, that the circuit court of Morgan county erred in sustaining appellant's demurrer to the complaint, and its judgment will be here reversed, the nonsuit set aside, the cause restored to the docket, and the cause remanded.

Reversed, nonsuit set aside, cause reinstated, and remanded.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.